CITY OF ST. PAUL *vs.* DANIEL MULLEN and others.

August 4, 1880.

**Assessments for Local Improvements—Re-assessment.**—The common council of the city of St. Paul have authority under the charter to order a re-assessment for a local improvement, where judgment on the original assessment is denied, or such assessment declared void, by reason of the contract for doing the work having been illegally let.

**Same—Expenses in Addition to Cost of doing the Work.**—The constitution (section 1, art. 9,) does not exclude from assessments for local improvements other items than the mere contract cost of doing the work, such as the cost of advertising, engineering, etc., if such items are a necessary expense incurred on account of the improvement.

Certain lots belonging to the defendants were assessed for the construction of a sewer on Summit avenue, in St. Paul. The assessments not being paid, the city applied for judgment against the lots. The application was opposed, on the ground that the contract for doing the work did not conform to the requirements of the charter. Thereafter the common council ordered a re-assessment of the same property, pursuant to which a re-assessment was made by the board of public works. The re-assessment was a copy of the original assessment, and both assessments included, in addition to the

contract price of the work, certain items of expenses for abstract of title, engineering, advertising for bids, assessment notices, treasurer's notice and treasurer's fees, amounting in all to $192.08. The defendants not having paid the re-assessment on their lots, application was made by the city to the district court for Ramsey county for judgment against the property. The application was opposed by the defendants, who renewed the objections made by them on the first application. The objections were overruled by *Simons,* J., and judgment was ordered and entered, whereupon the defendants sued out a writ of *certiorari.*

*W. P. Murray,* for plaintiff.

*S. L. Pierce,* for defendants.

GILFILLAN, C. J. There are only two objections raised in this case that we deem of sufficient importance to mention. There is nothing in any of the others. The first of these two objections is that because the contract for doing the work was not let as prescribed by the charter, it was void, and no assessment, and consequently no re-assessment, could be made to pay for the work to be done under it; that the contract having been adjudged void, upon the application for judgment upon the original assessment, there was no legal authority to make a re-assessment. Whether this is so depends, of course, on the provisions of the city charter.

By the charter of 1874, (Sp. Laws 1874, p. 73, § 60,) the common council was authorized to direct a new assessment as to any lot, where, as to such lot, judgment on the original assessment is denied, or the assessment set aside or declared void by reason of any defect or irregularity affecting the validity of the final order of the council ordering the improvement; and, without the direction of the common council, the board of public works was directed to make a new assessment as to any lot, where, as to such lot, judgment on the original assessment is denied, or the assessment set aside or declared void by reason of any defect or irregularity affecting the validity, not of such final order, but of any proceedings subse-

quent to the final order of the council ordering the improvement. There might be some question whether the language "defect or irregularity," used in this section, would include so radical a disregard of the prior provisions of the charter as. the letting of the contract for the work in an illegal way. An amendment to this section 60 by Sp. Laws 1875, c. 1, § 16, authorized the common council to direct a new assessment or re-assessment when judgment is denied on the original assessment, or the assessment set aside or declared void "*for any cause whatever.*" A clause in section 17 of the amending act, which seems to be applicable to all cases of new or re-assessments, declares that "no error, or omission, or irregularity, whether jurisdictional or otherwise, shall prevent a. re-assessment to the extent of the benefits conferred by such improvement when ordered by the council."

It may seem strange that, after the enactment, in preceding parts of the charter, of provisions clearly intended to protect property owners against unnecessary or improvident. expenses for local improvements, the observance of those provisions should be in any case dispensed with; but the language, especially of this amendment, is so full and precise that there is no avoiding the conclusion that the legislature intended such result. The council had power to order the re-assessment in question.

The other objection is to the effect that, in ascertaining the amount to be assessed for the improvement, there was added to the contract cost of the work, certain items, such as the cost of abstract, engineering, advertising for bids, assessment notice, and treasurer's notice. This objection is based on the constitution. Section 1, art. 9, empowers the legislature to "authorize municipal corporations to levy assessments for local improvements upon the property fronting upon such improvements, or upon the property to be benefited by such improvements, without regard to a cash valuation." We see nothing in this to exclude such items as are objected to, if they are a necessary expense incurred on account of the im-

provement. They are, in such case, as much a part of the cost of the improvement as the contract price of doing the work.

Judgment affirmed.