JOHN S. WILKIN, *as Treasurer of Cowley County, et al.*, v. EMILY J. HOUSTON *et al.*

JURISDICTION *Over Sidewalks.* In a city of the second class, no petition is necessary to give the council thereof jurisdiction over sidewalks, for the purpose of repairing or reconstructing the same.

*Error from Cowley District Court.*

THE opinion states the case.

*Eaton, Pollock & Love*, for John S. Wilkin, as county treasurer; *W. T. Madden*, city attorney, for City of Winfield.

*Fink & White*, for defendants in error.

Opinion by STRANG, C.: This was a proceeding by injunction to restrain the collection of a sidewalk tax, or assessment, against lot 12, in block 129, Winfield, Cowley county, Kansas. A restraining order was first allowed by the probate judge. Afterward in the district court a temporary injunction was allowed. An answer was then filed, and the case went to final trial, resulting in a judgment of the court perpetuating the

injunction.  The judgment of the court perpetuating the in-
junction was based solely upon the fact, as found by the court,
that no legal petition for repairing, widening and reconstruct-
ing the sidewalk in question was ever presented to the council
requesting such improvement.  Upon all the other questions
the court found in favor of the defendants below, except upon
the question of the necessity of the improvement, and upon
that question the court refused to pass.  But, as plaintiffs be-
low are not here complaining of such refusal, no question is
raised thereon.  The first question raised by the assignment
of errors is, did the court err in holding that the presentation
of a petition requesting the improvement was necessary, to
give the council jurisdiction over the sidewalk, so as to enable
it to repair, widen or reconstruct the same?

The statute, the last clause of ¶ 832, General Statutes of
1889, which was in force when the proceedings to improve
said sidewalk were instituted by the council of said city, pro-
vides that "no formality whatever shall be required to author-
ize the repairing of sidewalks, or the reconstruction of such
sidewalks as are, in the judgment of the council, worn out
and unfit for repair, and making assessments therefor."  Un-
der this provision, no petition was necessary to give the council
jurisdiction over said sidewalk for the purpose of repairing
the same, nor for the purpose of reconstructing it, when, in
the judgment of the council, it became worn out and unfit for
repair.  It follows, then, that whether the improvement of
said sidewalk is treated as a repairing of an old walk, or the
reconstruction of one so worn out as to be unfit for repair, no
petition was necessary to give the council jurisdiction to make
the improvement.  No petition is necessary in any event to
give the council jurisdiction over sidewalks in cities of the
second class, the class to which Winfield belongs, except in
the construction of sidewalks.

The provision which requires a petition to give the council
jurisdiction over the construction of sidewalks, construed in
connection with the provision quoted, which follows it in the
same section, must be held to mean that a petition is only

necessary to give the council jurisdiction over a sidewalk in a city of the second class in case of an original building of a sidewalk — that is, the building of a sidewalk where none has before existed. Of course, if no petition was necessary to give the council jurisdiction to repair or reconstruct the sidewalk in question, then the fact that a petition was presented that was not a lawful petition would afford no ground upon which to maintain the injunction.

The want of a lawful petition being the ground upon which the district court perpetuated the injunction, our view of the matter renders it unnecessary for us to look into any of the other errors assigned, as the case must be reversed upon that ground. We recommend that the judgment of the district court be reversed, and remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.