HENRY W. KUHNS ET AL., APPELLANTS, V. CITY OF OMAHA
ET AL., APPELLEES.

FILED MAY 19, 1898.   No. 8118.

1. **Municipal Corporations: EXTENSION OF STREET: ASSESSMENTS.**
Facts stated, and *held* sufficient to justify a finding of the district court that the alleged lack of continuity of a street did not constitute the parts thereof distinct streets, in such sense that for benefits because of an extension of one part, the lots abutting upon and adjacent to the other part could not be assessed.

2. ——: **OPENING STREETS: BENEFITS: QUESTION OF FACT: REVIEW.**
Whether or not the opening of a street benefits abutting or adjacent lots is in such a degree a question of fact that a finding of the district court upon conflicting evidence will not be disturbed.

3. ——: ——: **ASSESSMENT OF DAMAGES: COMPENSATION OF APPRAISERS.** The compensation of appraisers for the assessment of damages for the opening of a street *held* a proper item to be charged against the real property specially benefited by such public improvement.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Affirmed.*

*E. Wakeley* and *A. C. Wakeley,* for appellants.

*W. J. Connell, E. J. Cornish,* and *E. H. Scott, contra.*

RYAN, C.

In this case thirty-six parties joined in an action in the district court of Douglas county to enjoin the collection of a special tax levied on the property of the respective plaintiffs to pay the sum of $4,327 damages awarded for the opening of Twenty-sixth street through certain property which will be more fully hereinafter described. There was a judgment in favor of the defendants, the city of Omaha and its treasurer, and therefrom plaintiffs have appealed.

It was averred in the petition, and admitted in the answer, that March 1, 1866, Nelson's Addition was platted upon the north side of the city of Omaha, and that the

streets and alleys of said addition were dedicated to public use; that among the streets so laid out was Montana street, forty-six and one-fourth feet wide, extending part of the way through said addition from what is known as Cuming street on the south to the northern boundary of said Nelson's Addition, and that said Montana street has ever since been used by the public as platted; that about May 5, 1869, the eighty-acre tract just north of Nelson's Addition was platted as Shinn's Addition to the city of Omaha, and its streets and alleys were dedicated to public use. From the averments of the petition and admissions of the answer it was established that there were plats of additions, and dedications of the streets and alleys in each in succession added northward, as follows: Parker's Addition; Patrick's Addition; Patrick's Second Addition. It appears from the evidence that when, on March 1, 1866, Nelson's Addition was platted, one street, running from Cuming street northward through it, was designated on the plat as Montana street. In 1869 Shinn's Addition was platted in such a manner that opposite and across the north end of Montana street there were two lots, and beyond those lots, one hundred and forty and one-half feet distant from the north end of Montana street, there was the south line of Caldwell street. As has already been noted, Montana street was admitted by the pleadings to be forty-six and one-fourth feet in width, and this admission may now be supplemented with the statement that if Montana street had been prolonged there would have remained fractions of the two lots above referred to, and these fractions would have constituted a strip seventy-three and one-half feet wide lying along such imagined prolongation of Montana street. If now there was prolonged the east line of this strip from the south side of Shinn's Addition across Caldwell street and thence northward through that addition, it would be found to constitute the east line of the street, which on the plat of Shinn's Addition was designated as King street. This condition of the streets gives us Mon-

tana street prolonged to Caldwell street, and east of this imagined prolongation of Montana street, at a distance of about seventy-three feet from and parallel with Montana street, is King street. In 1886 there was adopted, approved, and published an ordinance of the city of Omaha entitled "An ordinance naming and changing the name of certain streets in the city of Omaha, for the purpose of securing a more uniform system in the name of streets within the city." By this ordinance it was provided that the then existing names of King street and Montana street should be changed to Twenty-sixth street. On June 7, 1893, it was by ordinance declared necessary to extend Twenty-sixth street (formerly Montana street) north to an intersection with Caldwell street. The damages found to be incident to the opening of this street were assessed at $4,300, and the assessments herein enjoined were those which were made upon lots adjacent to and abutting upon that portion of Twenty-sixth street originally platted as King street. The grounds upon which it is sought to enjoin the collection of the assessments are thus stated in the brief of the appellants:

"First—That the plaintiffs' property was not subject to the assessment for the cost of opening and extending the street in question, because it did not abut upon, nor was it adjacent thereto.

"Second—That the property was so situated that it was not, in fact, benefited in the least by the opening and extension, nor was it legally declared to be so benefited.

"Third—That there was included in the assessment items of cost and expenditure, for which abutting adjacent and benefited property could not be lawfully assessed."

The first proposition above stated as one of the grounds relied upon by appellants has its support in the contention that the street prolonged was not a part of the street platted as King street, and, therefore, that property abutting upon and adjacent to the latter could not with correctness be said to abut upon or be adjacent to

the prolonged street. In this connection it is pointed out that with the prolongation being designated as Twenty-sixth street, and that portion of what originally was King street south of Caldwell street being likewise designated as Twenty-sixth street, there exists two fragments of streets parallel to each other known by the common name of Twenty-sixth street. From the prolonged street it required the use of much less of Caldwell street to reach Twenty-sixth street extending through Shinn's Addition than it would to reach Twenty-seventh street. Notwithstanding this fact, we should hesitate, upon an original inquiry, before we would say that the fraction originally platted as Montana street when prolonged to Caldwell street, and that portion of the street originally known as King street, constituted but one street, even though the city authorities enacted that these fragments should be called by a name common to both. In the first instance, however, the city council ordered the extension, procured the damages thereby caused to be ascertained, and assessed such damages, upon the theory that the extension was a prolongation southward of Twenty-sixth street through a portion of Shinn's Addition. Afterward, the question was submitted to the district court upon the same issues and proofs that are now presented for our consideration, and that court found specially that the effect of appropriating the land for the opening of the street as above described "was to connect Twenty-sixth street north of the land so appropriated with Twenty-sixth street south of the land so appropriated and make said Twenty-sixth street an open, continuous street." There was sufficient evidence to sustain this finding, and it is therefore accepted as correct.

The next proposition was likewise one of fact, and peculiarly so, for whether or not the extension afforded additional or better means of ingress to and egress from the properties assessed depended very much upon the configuration of the country at and surrounding the points we have had under consideration.

The complaint as to items not lawfully assessed had reference to $27 taxed as fees of the appraisers who awarded the damages found in favor of the respective owners of property appropriated. ' There is no suggestion that the amount is excessive, but the proposition is that no such an item can be charged as a part of the costs of opening a street. The improvements were made under authority of chapter 10, Acts 1887. By the provisions of section 69 of this chapter the mayor and council of the city of Omaha were vested with power to open any street within the limits of said city, and by section 119 the council was clothed with authority to assess the damages for the appropriation of private property upon the lots and lands benefited. These damages, under provision of section 118, were to be assessed by three disinterested freeholders, and it seems to us that it is proper that the fees of these appraisers should be treated as one of the expenses incident to the appropriation of private property, and surely these fees the parties benefited, and not the party damaged, should pay. (*City of St. Paul v. Mullen*, 27 Minn. 78; *In re Merrian*, 84 N. Y. 596.)

There was evidence that there were houses on the lots appropriated for the use of the public, but as the amount of damages in gross was credited with the amount realized from the sale of these houses, which amount seems to have been their fair value, and, as the assessments were ordered modified accordingly, there is presented on this branch of the case no good ground for disturbing the assessments as finally approved. The judgment of the district court is

AFFIRMED.