LESTER PATTERSON and Others v. BARBER ASPHALT PAVING
COMPANY and Others.[1]

December 30, 1904.

Nos. 14,019—(114).

**Paving Contract—Injunction—Another Action Pending.**

In this action—one to determine the validity of a contract between the city of Mankato and the Barber Asphalt Company, and for an injunction restraining and enjoining the asphalt company from paving a street of the city under the contract, and the city from incurring any indebtedness on account of the same—it appears that part of the work contemplated by the contract was performed, and, as to the balance, that after the commencement of this action the contract was abandoned and canceled by the mutual consent of the parties; that an action brought by the asphalt company against the city of Mankato is pending in the United States Circuit Court, to recover for the part of the contract performed, in which the city is defending and resisting its liability. It is *held* (1) that plaintiffs have the right to continue the prosecution of the action for the purpose of having determined the validity of the contract; (2) that the facts disclosed by the pleadings do not bring the case within the rule that, where it appears in an action for an injunction that a change of circumstances after the suit is commenced renders an injunction unnecessary, it will not be granted; and (3) that the pendency of the action in the United States court is not a bar to this action.

Appeal by defendant Barber Asphalt Paving Company from an order of the district court for Blue Earth county, Lorin Cray, J., overruling a general demurrer to the reply to defendant's separate answer to the amended and supplemental complaint. Affirmed.

*How, Taylor & Mitchell* and *Pfau & Pfau,* for appellant.

*H. L. & J. W. Schmitt,* for respondents.

BROWN, J.

The facts in this case are as follows: The action was commenced in 1902 against the Barber Asphalt Paving Company, as sole defendant. The original complaint alleged that plaintiffs were residents and tax-

[1] Reported in 101 N. W. 1064; 102 N. W. 176.

payers of the city of Mankato, and owners of property abutting on Broad street, between Warren and Lincoln streets; that in 1898 said street was, by the authority of the city, curbed, graded, and boulevarded at the expense of owners of abutting property; that, under a contract made and entered into with the city of Mankato subsequent to such improvements, defendant threatened and intended to enter upon the portion of Broad street so abutting plaintiffs' property, and take out, damage, and destroy the improvements so made by the city for the purpose of paving the same. It alleged that the contract under which defendant proposed to destroy those improvements was entered into between it and the city without authority of law, and was void. Defendant answered, admitting that it was about to enter upon the street in question for the purpose of paving the same, and justified its intended action under a contract alleged to have been duly entered into with the city of Mankato to pave Broad street from Vine to Lincoln street, which included the portion abutting plaintiffs' property. Plaintiffs replied to the answer, setting up certain irregularites in the proceedings leading up to the making of that contract, which they claimed rendered the same void.

Upon the issues thus framed a temporary injunction was issued by the court below, restraining defendant asphalt company from entering upon the street abutting plaintiffs' property, or in any manner attempting to pave the same. The injunction has at all times since remained in full force; but, after it was issued, defendant, under the contract with the city, proceeded and paved the balance of Broad street, completing the same on July 30, 1902.

Thereafter plaintiffs obtained leave to make the city of Mankato and its officers parties defendant, and file a supplemental complaint. The supplemental complaint set up that plaintiffs were taxpayers of the city, facts tending to show the invalidity of the contract, and prayed not only for an injunction restraining the asphalt company from entering upon Broad street between Warren and Lincoln streets, but from entering upon or paving any part of the street, or taking any steps towards performing the contract for paving the same; that the contract be adjudged void because of irregularities on the part of the city in entering into the same; and that the city and its officers be forever enjoined from levying or collecting any assessments upon the abut-

ting property in payment for work performed under the contract. No answer was interposed to the supplemental complaint until April, 1904, more than a year after it was served.

In the meantime the action of Diamond v. City of Mankato—an action involving the same contract—was brought by Diamond, a taxpayer, for the purpose of determining its validity, and restraining and enjoining the city and its officers from paying out of the city treasury any money on account of the same. In that action the contract was adjudged void by the court below, and the decision was affirmed on appeal to this court. Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911. Defendant asphalt company was not a party to that action, and is not bound by the judgment therein.

Thereafter, in February, 1904, the asphalt company brought suit against the city of Mankato in the Circuit Court of the United States for work and labor performed under the contract, in which action the city interposed the defense that the contract was void and of no validity. The action was tried in the Circuit Court, and resulted in a recovery by plaintiff, the court holding that the contract was valid, and is now pending on appeal in the Circuit Court of Appeals.

In April, 1904, defendant asphalt company obtained leave from the court below to interpose an answer to the supplemental complaint in the case at bar. The answer sets up in detail the history of the controversy between the parties, the commencement and result of the action of Diamond v. City of Mankato, and that, after the decision in that action, defendant abandoned the contract, and was released by a formal resolution of the city council from further obligations in the performance of the same, specifically denying the allegations of the supplemental complaint to the effect that it intended and threatened to continue work under the contract. To this answer plaintiffs replied, admitting the allegations of the answer contained in paragraph 8—those just referred to—to which reply the asphalt company interposed a general demurrer.

Upon the argument of the demurrer in the court below, the parties entered into a stipulation which they agreed might be considered in connection with the pleadings and demurrer. The stipulation provided that the court might consider, in determining the demurrer, the fact that before the answer was served the asphalt company commenced an

action in the Circuit Court of the United States against the city to recover the amount claimed to be due it for the portion of the street paved; that the city of Mankato duly answered in the case, denying its liability, and insisted that the contract under which plaintiff sought to recover therein was void, and that the city was under no obligation to compensate plaintiff for work performed or material furnished thereunder; also that subsequent to the decision in the Diamond case the work of paving the street under the contract was abandoned by the asphalt company, and that since that time the company has not attempted to complete the same, and does not intend to do so; that the city council of Mankato duly passed a resolution, with the consent of the asphalt company, canceling the contract, and releasing the company from any liability to pave or improve that portion of the street abutting the property of plaintiffs in this action. The trial court overruled the demurrer, and the asphalt company appealed.

We are of opinion that the order appealed from should be affirmed. The only question now before us is whether, in view of the conceded facts, there remain any disputed questions under the pleadings to be litigated. Counsel for appellant invoke the rule that, where it appears in an action for injunction that there is a change of circumstances after suit is commenced which renders the injunction unnecessary, it will not be granted. But the case does not come within the rule. The original action was brought against the asphalt company as sole defendant, and the relief demanded was that defendant be restrained and enjoined from performance of the contract with the city for paving that portion of the street in question which abuts upon plaintiffs' property. Neither the city nor its officers were parties to the action, and the validity of the contract, though in a measure involved, was not the primary object of the action, except in so far as it involved plaintiffs' property. By the supplemental complaint, however, the scope of the action was broadened. The city and its officers were made parties defendant, and the relief demanded was that the contract be adjudged a nullity because of irregularities in the proceedings leading up to its execution; that the defendant asphalt company be restrained and enjoined from performing the same; and other relief similar to that prayed for in the original complaint, and generally for such other and further relief as might seem just and equitable.

It may be that the action was limited originally to the rights of owners of abutting property, but by the supplemental complaint they not only bring their action as owners of property abutting the street intended to be improved by the contract with the asphalt company, but as general taxpayers; and the relief demanded is that the contract be adjudged invalid, and that the city and its officers be restrained and enjoined from making any of the citizens of Mankato in any manner liable for the expense of the proposed improvement. The mere fact that the contract has been abandoned, so far as it relates to the portion of the street fronting the property owned by plaintiffs, and that the city council has canceled the contract as to that portion of the street, is not fatal to plaintiffs' right to continue the prosecution of the action. A large part of the street was paved and the contract performed by the asphalt company, and, if the contract be held valid, the city would be liable for the debt thus incurred, which can be paid only by a general tax levy on the property of the residents of the city. At the time of the commencement of the action, plaintiffs had a good cause of action, and still have, for the purpose of having determined the validity of the contract. If they succeeded in establishing its invalidity, they would be entitled to an injunction restraining the city authorities from paying the indebtedness incurred thereby, either by a tax for that purpose or otherwise.

It is immaterial, too, that the city is now contesting its liability in the United States Circuit Court. The jurisdiction of the United States Circuit Court and that of the state courts is concurrent. An action may be pending there, and also in the state court, involving the same questions, and neither be a bar to the other.

Our conclusions are in harmony with those of the trial court, and its order in the premises is affirmed.

An application for reargument having been made, on January 18, 1905, the following opinion was filed:

PER CURIAM.

Our attention has been called, in an application for reargument of this cause, to the case of City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424, wherein it is held, in effect, that, although local improvement

proceedings conducted by the city of St. Paul were illegal, the municipal authorities might, nevertheless, under the provisions of the city charter, which are similar to those in the charter of Mankato, assess the cost and expense of the improvement to abutting property. The point is made that that case controls the one at bar, and is conclusive that plaintiffs, who were not owners of property on the portion of the street paved, are not entitled to maintain this action as general taxpayers.

Whether this position is sound should not be determined in the absence of the property owners to be affected by such a result, and we leave the question open. The owners of the property abutting the portion of the street paved are not parties to this action. And as it does not appear whether the cost of paving at street intersections is to be borne by the property owners or the city, and as the contract expressly exempts the property owners from paying any portion of the expense incident to property belonging to the city of Mankato, plaintiffs, as general taxpayers, have at least the right to be heard upon the question whether these items of expense may be paid out of the general fund in the city treasury, or by a general levy of taxes.

Application for rehearing denied.