STATE ex rel. ST. ANTHONY PARK NORTH TRUST COMPANY and Others
v. DISTRICT COURT OF RAMSEY COUNTY and Another.[1]

June 16, 1905.

Nos. 14,217—(11).

**Local Improvement—Reassessment.**

> The provisions of the charter of the city of St. Paul, sections 57, 58, and 64, relating to reassessments for local improvements, construed, and *held*, that an order of the common council directing a reassessment is not essential to its validity, and, further, following City of St. Paul v. Mullen, 27 Minn. 78, that no defects, jurisdictional or otherwise, in the proceedings relating to the original assessment, can affect the validity of the reassessment.

Writ of certiorari issued from the supreme court upon petition of St. Anthony Park North Trust Company, and others, directed to the district court for Ramsey county and the Honorable Hascal R. Brill, one of the judges thereof, to review a judgment of that court against the lands of petitioners in proceedings to enforce a reassessment for sidewalks. Judgment affirmed.

*Edward B. Graves, W. T. McMurran, Henry B. Wenzell* and *Douglas & Griggs*, for petitioners.

*J. C. Michael* and *G. R. O'Reilly*, for respondents.

[1] Reported in 103 N. W. 881.

START, C. J.

Certiorari to review the judgment of the district court of the county of Ramsey against the lands of the relators upon a reassessment thereof made by the board of public works of the city of St. Paul to defray the cost of the constructing, relaying, and repairing of certain cement sidewalks.

The original assessment for the improvement came before the district court upon the application of the city treasurer for judgment therefor. The relators appeared and objected to the assessment. The application was denied, and the assessment set aside as to their property, for the reason, among others, that the order of the common council of the city purporting to authorize the making of the improvement was void. Thereupon the board of public works, upon receiving notice from the city treasurer that the original assessment had been set aside, made a reassessment for the cost of the improvement upon the property benefited thereby, without any further order from the council. The treasurer made application to the district court for judgment upon the reassessment, and the relators appeared and opposed it. Their objections to it were to the effect that the original assessment was void for jurisdictional defects, as conclusively established by the order of the court setting it aside; hence no reassessment could be legally made for the improvement, if at all, until directed by a valid order of the common council of the city. The court overruled the objections, and judgment was entered against the land of the respective relators upon the reassessment.

The briefs of the respective counsel for the relators raise and discuss exhaustively a number of objections to the reassessment which would be fatal to it if jurisdictional defects in the original assessment are available to the relators as a defense to the reassessment. In the absence of the curative provisions of the city charter, it would logically follow that, if an assessment for a local improvement is void because of jurisdictional defects in the proceedings essential to a valid assessment, such defects could not be cured by a reassessment. It is the contention of counsel for respondents that by reason of such curative provisions of the charter of the city of St. Paul no defects, jurisdictional or otherwise, in the proceedings prior to the reassessment, are available to defeat it. The provisions of the city charter relevant to this question

are found in sections 57, 58, and 64, tit. 3, c. 6, of the charter.  So far as here material, they are as follows:

Sec. 57. In all cases where application shall hereafter be made for judgment, * * * pursuant to this charter, and judgment is refused or denied by this court, or the assessment, or any part thereof, as to any lot, lots or parcels of land assessed under any of the provisions of this charter, for any cause whatever, may be hereafter set aside or declared void by any court, the board of public works shall, upon notice thereof by the city treasurer proceed without unnecessary delay to make a reassessment * * * upon all lots, blocks and parcels of land which have been * * * benefited by such improvement to the extent of their proportionate part of the costs and expenses thereof as nearly as the same can be ascertained by the board of public works and such reassessment * * * shall be made by the board of public works as nearly as may be in accordance with the law in force at the time such reassessment is made. * * * And in all cases where judgment has been heretofore, or shall be hereafter refused or denied by any court, or where any court has heretofore or hereafter shall set aside or declare void any assessment upon any lot or parcel of land, for any cause, the said lots or parcels of land may be reassessed or newly assessed, from time to time, until each separate lot, piece or parcel of land has paid its proportionate part of the costs and expenses of said improvements, as nearly as may be, to the benefits derived, or to be derived from such improvement. * * *

Sec. 58. If in any case the first assessment to pay for any local improvement which has heretofore been or shall hereafter be ordered by the common council, either before or after such improvement is completed, shall prove insufficient to fully pay for the same, whether said work was done before the passage of this charter, or otherwise, the board of public works shall, upon notice thereof from the city treasurer, and without a further or new order from the common council, proceed without unnecessary delay to assess and reassess the same upon the property benefited, or which will be benefited, until a sufficient amount is realized to pay for same.  If too large an amount shall at

any time be raised, the excess shall be refunded ratably to those by whom it was paid, if the council shall so order, it being the true intent and meaning of this act to assess and reassess upon the real estate benefited to the extent of such benefits, for any deficiency over and above the first assessment which said improvement may cost, whether said improvement has heretofore been made, or may hereafter be made under the provisions of this charter, and no error, or omission, or, irregularity, whether jurisdictional or otherwise, shall prevent a reassessment to the extent of the benefits conferred by such improvement.

Sec. 64. If for any cause the proceedings of the common council or board of public works or any of its officers may be found irregular or defective, whether jurisdictional or otherwise, the common council may order a new assessment from time to time, and as often as needs be, until a sufficient sum is realized from the real estate benefited by such improvement to pay all the costs, damages and expenses incurred thereby.

It is to be noted that section 64 provides that the council may order a new assessment if for any cause the original proceedings may be found defective. This is the basis of relators' claim that no new assessment or reassessment can, in any event, be made until the council make such an order. We hold that no new or further order from the common council is necessary to empower the board of public works to make a reassessment. This conclusion necessarily follows from the fact that when section 64 was originally enacted the city charter provided that a reassessment could only be made upon the order of the council, but this provision was omitted when sections 57 and 58 were re-enacted by the present charter, and an express provision inserted that no new order was necessary.

This brings us to the real question in the case—whether any defects, jurisdictional or otherwise, in the proceedings relating to the original assessment, can affect the validity of the reassessment. The express and specific language of the curative provisions of the charter is to the effect that such defects shall not affect the validity of the reassessment. The power of the legislature or cities, in framing and adopting their charters pursuant to article 4, § 36, of the state

constitution, to enact such curative provisions, is undoubted. The basis upon which the validity of such legislation rests is the equitable one that where real property has or will be benefited by a local improvement, and the assessment therefor is void for a failure to comply with statutory procedure which the legislature might have dispensed with in the first instance, the legislature may authorize a reassessment of the property for the cost of the improvement without reference to any defects in the original assessment to the extent of the proportionate benefits conferred by such improvements. Neither the validity nor the effect of such legislation is an open question in this state. This court in the case of City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424, had under consideration the then existing charter provisions of the city of St. Paul relating to reassessments for local improvements. Such provisions were the same as in the present city charter, except that under the former provisions a reassessment must have been ordered by the council; and the court held that the charter provisions were valid, and that the council had the power to order the reassessment in question, although the original assessment was void. The court, in its opinion by Chief Justice Gilfillan, said, with reference to the charter provision in question, that: "It may seem strange that after the enactment, in preceding parts of the charter, of provisions clearly intended to protect property owners against unnecessary or improvident expenses for local improvements, the observance of those provisions should be in any case dispensed with; but the language, especially of this amendment, is so full and precise that there is no avoiding the conclusion that the legislature intended such result." See also In re Piedmont Avenue, 59 Minn. 522, 61 N. W. 678; State v. District Court of Ramsey County, 68 Minn. 242, 248, 71 N. W. 27; and State v. District Court of Ramsey County, 77 Minn. 248, 255, 79 N. W. 971. Counsel for the relators seek to distinguish the Mullen case from the one here under consideration. We are, however, unable, on principle, to do so, and, following that case, we hold that by virtue of the charter provisions we have quoted no defects in the proceedings as to the original assessment can affect the validity of a reassessment of the property benefited to the extent of the proportionate benefit conferred by the improvement.

It is urged by counsel that the reassessment in this case was not

made upon the basis of proportionate benefits to the property, but that it was made arbitrarily, without reference to any benefits to the property. The record does not justify the claim, for the presumption is that the reassessment was properly made, and there is no evidence in the record to justify the conclusion that it was either arbitrarily made, or upon a wrong basis. It follows that the decision of the trial court was correct.

Judgment affirmed.