LESTER PATTERSON and Others v. BARBER ASPHALT PAVING
COMPANY and Others.[1]

September 22, 1905.

Nos. 14,400—(183).

**Validity of Contract.**

Diamond v. City of Mankato, 89 Minn. 48, as to the validity of a certain contract for public improvement in the city of Mankato followed and applied.

[1] Reported in 104 N. W. 566.

**Action by Taxpayers.**

> On the facts stated in the opinion it is *held* that plaintiffs, as general taxpayers, have such an interest in the controversy as to be entitled to the relief awarded by the trial court.

Action in the district court for Blue Earth county by plaintiffs, resident taxpayers of the city of Mankato, to cancel a contract for street paving made between defendants Barber Asphalt Paving Company and City of Mankato; to restrain defendant paving company from performing the work called for by the contract; and to restrain defendant city and its officers from making any payments under such contract and from levying or collecting any assessments or issuing any evidences of indebtedness to provide funds for the payment of such work. The case was tried before Lorin Cray, J., who found in favor of plaintiffs. From an order denying a motion for a new trial, defendant Barber Asphalt Paving Company appealed. Affirmed.

*Pfau & Pfau* and *How, Butler & Mitchell,* for appellant.

*H. L. & J. W. Schmidt, M. J. Severance* and *Jean A. Flittie,* for plaintiffs respondents.

*A. E. Clark, C. O. Dailey* and *C. N. Andrews,* for defendant City of Mankato respondent.

LOVELY, J.[2]

A former appeal of this case will be found reported in 94 Minn. 39, 101 N. W. 1064, and a supplemental opinion denying an application for reargument in 94 Minn. 43, 102 N. W. 176, where the facts are fully stated. That appeal was from an order overruling a demurrer to plaintiff's reply, but the history of the litigation and all material facts are there given. It would serve no useful purpose to restate them, and it is sufficient for present purposes to refer to the former opinion. After the cause was remanded, it was tried below on its merits, plaintiff and defendant city had judgment, substantially as prayed for in the complaint, restraining the further performance of the contract and enjoining defendant city and its officers from paying or in any manner discharging the obligation thereby created, and defendant asphalt company appealed from an order denying its motion for a new trial.

[2] START, C. J., took no part.

Two principal questions are presented on this appeal: (1) Whether the contract involved in the action is void for the reason alleged and found by the trial court; and (2) whether, conceding it to be void, plaintiffs have such an interest in the controversy as general taxpayers as will sustain their right of action. Other questions are presented by the assignments of error, but the questions just stated are the controlling ones in the case. The findings of fact are sustained by the evidence, and the assignments calling them into question are not well taken.

1. Upon the first question above referred to we need only refer to the case of Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911. The identical contract here in question was there before the court, and was held invalid for substantially the same reasons as are alleged in the case at bar. The facts involving its validity were in all material respects the same in both cases, and we follow and apply the decision there made. It is unnecessary to extend this opinion by referring particularly to the facts upon which that decision is based. Reference to it is all that is necessary for a proper understanding of the points involved.

2. We come, then, to the question whether plaintiffs have such an interest in the subject-matter of the litigation as will sustain their right to maintain the action. The action is brought by plaintiffs as general taxpayers, and on the theory and contention that the funds of the city or the taxpayers in general may become liable for the debt created in the contract. As stated in the former opinion, a part of the contract was performed by the asphalt company, a portion of the street agreed to be paved was in fact paved, and the company insists that it is entitled to payment therefor; and to enforce it heretofore brought an action against the city to recover the same in the United States court, where judgment was recovered. There is, then, an existing claim in favor of the company (whether it is valid or not is unimportant); and it is clear that, if the same or any part of it may ultimately be enforced against the municipality or by a general levy of taxes, plaintiffs as general taxpayers have the right to be heard in this action.

It is urged by the asphalt company that plaintiffs have no interest in the litigation; that the portion of the street agreed to be paved by the terms of the contract fronting their property was not in fact paved;

that the contract respecting this part of the work was abandoned by the mutual consent of the asphalt company and the city; that, as the contract expressly provides that the cost of the improvement shall be paid by assessments against the abutting or benefited property, the plaintiffs, not owning abutting property, are in no way liable to special assessments, and, as the contract provides the method of payment for the work, the general taxpayers of the city are not subject to taxation therefor.

The contract does provide, as urged by counsel for the asphalt company, that the cost and expense of the improvement shall be paid by the usual method of special assessment against benefited property; but whether this would be the exclusive remedy of the asphalt company to enforce payment of its claim we need not determine. It appears, from the finding of the court and the facts as they are presented in the record, that the general funds of the city, consequently funds of the general taxpayers, may be resorted to in discharging a portion of this debt. The contract does not provide that the cost of paving at the street intersections shall be paid by the property owners, and in consequence this part of the debt must be borne by the city. And, further, the charter of the city provides that assessments for street improvements of a nature like those here involved shall be subject to a discount of ten per cent. if paid within ten days after the notice of the assessment. This discount in the case at bar would amount to a considerable sum, and could only be paid by drawing from the general funds of the city. It could not be deducted from the contract price of the work and taken from the asphalt company, but would constitute a charge against the city which the general taxpayers would be required to pay. There can be no serious question, therefore, the contract being void, that plaintiffs are entitled to the relief prayed for to this extent.

It requires no extended discussion to demonstrate this contingent liability, for the statement of the facts showing it is conclusive and sustains the trial court. As remarked in the former opinion, whether payment for the cost of this improvement may yet be enforced by special assessment proceedings in accordance with the law laid down in City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424, and followed and applied by a recent decision of this court, and whether the city officers may be

compelled to thus proceed against the property abutting the improved street, are questions not now before the court. The proper parties are not before us. Plaintiffs have no interest in those questions, and are entitled to no relief in that direction.

Order affirmed.

