STATE ex rel. CHARLES E. OTIS and Others v. DISTRICT COURT OF RAMSEY COUNTY and Another.[1]

January 19, 1906.

Nos. 14,521—(14).

**Charter of St. Paul—Reassessment for Local Improvement.**
> The amendment of 1898, to section 36, article 4, of the constitution, to the effect that a legislative body shall be a feature of home rule charters, was not intended to prevent the board of public works, an appointive body, from exercising the duties imposed by the St. Paul city charter in respect to reassessment. Former decisions adhered to which hold that in local improvements reassessments made by the board of public works under the St. Paul charter are valid, notwithstanding the occurrence of jurisdictional defects in the original assessment proceedings.

Writ of certiorari issued from the supreme court upon the petition of Charles E. Otis and others, to review a judgment of the district court for Ramsey county, entered pursuant to the findings and order of Orr, J., in proceedings to enforce payment of a reassessment for street grading. Affirmed.

S. C. Olmstead, W. T. McMurran, and Douglas & Griggs, for petitioners.

J. C. Michael and G. R. O'Reilly, for respondents.

LEWIS, J.

The improvement under consideration was the grading of West Fairfield avenue, from South Wabasha street to Belle street, and in the original proceedings judgment was denied upon the ground that the notice of assessment had not been properly given, and thereupon the matter was sent back to the board of public works, and that body proceeded to make a reassessment by extending the same amounts against the respective pieces of land which had not paid the original assessment. Upon application for judgment on the reassessment, objec-

[1] Reported in 106 N. W. 306.

tion was made that no petition for the grading had ever been made by one-third of the property owners, as provided by section 5, tit. 3, c. 6, of the city charter, and upon this appeal it is urged that such omission was jurisdictional and rendered the reassessment proceedings void.

In State v. District Court of Ramsey County, 89 Minn. 292, 94 N. W. 870, it was held that the petition was jurisdictional and its omission fatal; the point having been raised in the original assessment proceedings. But upon reassessment proceedings this case is controlled by State v. District Court, 95 Minn. 503, 104 N. W. 553, State v. District Court of Ramsey County, 95 Minn. 183, 103 N. W. 881, and cases therein cited, unless the 1898 amendment (section 36, art. 4) of the constitution, prohibited the delegation to the board of public works of powers and duties respecting reassessment.

It has been a difficult matter for the citizens of St. Paul, and for the courts also, to fully realize that the city charter provides studied safeguards to property owners in original assessment proceedings, and yet, notwithstanding the elaborate machinery in that respect, absolute power is vested in the board of public works to reassess for the same improvement without regard to whether the charter provisions were complied with or not. This method of placing arbitrary power in the hands of a few men not selected by the voters of the city has been severely criticised, and no doubt fails to meet with popular approval; but the remedy, if any, lies with the people themselves. This is another instance where the courts can only define the law, but are powerless to make it over to meet the contingencies, or the hardships, of a particular case.

The constitutional amendment of 1898 reads:

> It shall be a feature of all such charters that there shall be provided, among other things, for a mayor or chief magistrate, and a legislative body of either one or two houses; if of two houses, at least one of them shall be elected by general vote of the electors.

We do not feel called upon, at this time, to review the cases which hold that the functions exercised by the board of public works upon reassessment were not in conflict with the constitution as it stood be-

fore this amendment; nor do we deem it important whether such functions are strictly legislative, or quasi legislative.   For the purposes of this case, it may be assumed that they were of a purely. legislative character.   The court will take judicial notice that at the time of the adoption of the amendment city councils were the representative bodies of municipalities, that their members were elected by popular vote, and that such bodies were of a legislative character.   The amendment did not introduce any new feature in the existing order of things, but recognized the present condition, perpetuating it and making it permanent. Similar provisions for reassessment by the board of public works were embraced in the old charter, and many years had passed since those provisions were construed by the courts.   The rule there settled had become fixed and adopted as a rule of procedure, had been of long standing, and yet the people did not take any steps towards changing it. Under such circumstances, when the amendment was under consideration, it would have been a very easy matter to specify that the duties and functions theretofore usually performed by the board of public works should be limited to the elective body of the municipality.   In all probability, however, .the subject was not considered, and the language of the amendment is in the most general terms.

We adhere to the former rulings of the court as to the validity of the reassessment, notwithstanding the occurrence of jurisdictional defects in the original proceedings, and, further, that the constitutional amendment of 1898 was not intended and did not have the effect of limiting the functions and powers imposed upon the board of public works as provided by the city charter.

Order affirmed.