STATE ex rel. FRANCIS A. KRCH and Others v. DISTRICT COURT OF RAMSEY COUNTY and Another.[1]

May 11, 1906.

Nos. 14,665—(18).

**Reassessment for Local Improvement.**

In a case involving reassessment proceedings in the city of St. Paul, recent decisions of the court are followed and applied.

**Same.**

The assessments were not demonstrably unequal or unfair, nor was an erroneous principle of law made the basis thereof.

Writ of certiorari issued from the supreme court upon the petition of Francis A. Krch and others, to review a judgment of the district court for Ramsey county, entered pursuant to the findings and order of Bunn, J. Judgment affirmed.

*Grant Van Sant, John C. Zehnder* and *John W. Willis,* for petitioners.

*J. C. Michael* and *G. R. O'Reilly,* for respondents.

BROWN, J.

Certiorari to review a judgment of the district court of Ramsey county confirming certain reassessment proceedings pending in the city of St. Paul.

The facts, briefly stated, are as follows: In 1902 the common council of the city of St. Paul, after due consideration, ordered the pavement of West Seventh street from Ramsey to Tuscarora with Kettle River sandstone. A contract was entered into between the city and certain contractors, and the work subsequently completed. The expense of the improvement aggregated in round numbers $90,000, one-third of which was defrayed from the general funds of the city. To cover the balance assessments were made against the benefited property as provided by the terms of the city charter; an assessment district being designated for that purpose. An application was duly made for judgment in the assessment proceedings, but was denied on the ground

[1] Reported in 107 N. W. 726.

that no notice was given to the property owners prior to the laying out of the assessment district. Thereafter, under and pursuant to the provisions of the city charter, proceedings were had for a reassessment, and an application for judgment against the property assessed for the improvement was granted by the district court. Whereupon relators sued out this writ of certiorari to review that judgment.

It is urged by relators that the reassessment proceedings were wholly irregular and void for the following reasons: (1) That no power existed in the common council to make the improvement; (2) that no valid contract was ever entered into by the city for the work involved in the improvement; (3) that no assessment district was ever constituted or created in conformity with the provisions of the city charter; (4) that in the reassessment proceedings additional territory was, without notice to the property owners, added to the original assessment district; and (5) that the assessment is grossly unequal and unfair, and founded upon an erroneous principle of law.

It is contended that to sustain the proceedings over these various objections would violate constitutional principles and result in depriving relators of their property without due process of law. All the questions here presented have been so recently before the court that we deem it unnecessary to discuss them at this time. Any discussion of the questions would be a reiteration of what is said in former opinions. City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424; State v. District Court of Ramsey County, 95 Minn. 183, 103 N. W. 881; State v. District Court of Ramsey County, 95 Minn. 503, 104 N. W. 553. The decisions in these cases, which we here follow and apply, dispose of all the contentions of the relators adversely to them. Our examination of the record does not sustain the claim that the reassessment is demonstrably unequal, or that it proceeds upon an erroneous theory of the legal rights of the parties. State v. District Court of Ramsey County, 95 Minn. 503, 104 N. W. 553.

This disposes of the case, and the judgment of the district court is affirmed.

JAGGARD, J. (dissenting.)

I dissent. The north zigzag line of the assessment district was reasonable because it divided the assessment district between Seventh

street on the south and Pleasant avenue on the north. The zigzag line on the south was reasonable because it essentially followed the lines of the river bluff. Among other things, however, I think the apportionment of the charges upon the triangular and irregular tracts on Seventh street, without due actual reference to the benefits accruing to such pieces of land, which constituted the largest part of the property abutting on Seventh street, and the disregard of the difference between property situated in business districts and property situated in almost an agricultural region, avoided the assessment because of the application of an erroneous principle of law.