Martin v. City and County of San Francisco.

---

## MARTIN v. CITY AND COUNTY OF SAN FRANCISCO.

THE warrants in this case, drawn by the Controller and countersigned by the Mayor of San Francisco upon the Treasurer, to pay for certain street improvements, will not support an action. They cannot be treated as bills of exchange or promissory notes, for they are drawn upon a particular fund, and their payment is made to depend upon the sufficiency of that fund, while bills and notes must be payable absolutely.

These warrants are ineffectual for any purpose, except, perhaps, as evidence in an action founded upon the consideration for which they were given.

These warrants, with few exceptions, do not comply, in their form, with the requirements of the city charter, and would not constitute any authority to the Treasurer to pay them, even if funds were in the treasury especially appropriated for their payment, because they do not specify the appropriations under which they were issued, and the date of the ordinances making the same.

APPEAL from the Twelfth District.

Action upon sundry warrants of the city of San Francisco.

The form of the warrants is as follows:

" $100.                                              No. 658.
" CITY CONTROLLER'S OFFICE,
        " San Francisco, April 25th, 1854.

" City Treasurer, pay to Babcock & Swartz, or bearer, the sum of one hundred dollars, for grading, etc., Sacramento from Dupont to Stockton, out of street assessment fund.

                        " (Signed)        S. R. HARRIS,
                                                " Controller.

Indorsed on the face, " C. K. Garrison, Mayor."

Defendant had judgment below.    Plaintiff appeals.

*Crockett & Crittenden, and Geo. Barstow*, for Appellant.

*F. M. Haight*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover a large sum of money alleged to be due for labor and materials, expended in making improvements upon certain streets in the city of San Francisco. The plaintiff relies, for a recovery, upon various warrants drawn by the Mayor and Controller upon the Treasurer of the city, to pay for these improvements. These warrants are similar to those sued on in *Argenti* v. *City of San Francisco*, and according to the decision in that case, no action can be maintained upon them. We see no reason for changing our opinion in this respect. We regard the warrants in question as ineffectual for any purpose, except, perhaps, as evidence in an action founded upon the consideration for which they were given. It is contended that they are analogous, in legal effect, to bills of exchange drawn by an individual upon himself, and may be treated as promissory notes; but the answer is, that they are drawn upon a particular fund, and their payment is made to depend upon the sufficiency of this fund. An instrument, to be regarded either as a bill of exchange or promissory note, must be payable absolutely; its payment cannot be made to depend upon a contingency.

The warrants in this case are not drawn in favor of the plaintiff. The suit is brought by him as assignee, and he seeks to recover without any other proof of indebtedness than the evidence of the warrants themselves. It nowhere appears that there has been an assignment of the original indebtedness. Under these circumstances, the plaintiff is not entitled to recover, and the judgment of the Court below must be affirmed.

Ordered accordingly.

On petition for rehearing, FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action brought by the plaintiff, as holder of various warrants drawn upon the Treasurer of the city of San Francisco by the Controller, and countersigned by the Mayor of the city. The warrants were issued upon accounts, allowed for improvements upon certain streets of the city, to the parties making the improvements, under contracts with the Street Commissioner, and were transferred to the plaintiff for a valuable consideration. In the opinion delivered in this case,

we held that these warrants were neither bills of exchange nor promissory notes, and of themselves furnished no ground of recovery against the city.   The plaintiff asks a rehearing, and the only reasons he sets forth in his petition are, that there are several other cases identical in character—brought upon street assessment warrants involving large amounts, depending, by stipulation, for their determination upon the judgment rendered in this case—and that the counsel for the parties in those cases have not had an opportunity of being heard.   We do not perceive any force in these reasons.   The present case was argued both at the bar and on written briefs, with great ability, and we are entirely satisfied with the conclusion at which we arrived.   Besides, with few exceptions, the warrants do not comply in their form with the requirements of the charter, and would not constitute any authority to the Treasurer to pay them, even if the funds were in the treasury especially appropriated for their payment, as they do not specify the appropriations under which they were issued and the date of the ordinances making the same.   (See *Bayerque et al.* v. *The City of San Francisco,* 1 McCal. 175.)

Rehearing denied.