STATE OF MINNESOTA *ex rel.* John W. Cunningham and others *vs.* DISTRICT COURT OF RAMSEY COUNTY.

January 6, 1882.

**Board of Public Works of St. Paul—Levying Special Assessments for Local Improvements.**—The board of public works of the city of St. Paul, in levying special assessments for the grading of streets, under the special legislative acts authorizing such proceedings, can make assessments of the cost of the improvement upon no other ground than that the property assessed is specially benefited by the improvement; and assessments can be made only to the extent of such special benefits. Such assessments must be distributed upon the property specially benefited, in proportion to the benefits received.

**Same—Departure from Statutory Rule for Making Assessments.**—The determination of the board of public works as to what property is benefited, and the extent of such benefit, when made in accordance with these statutory requirements, is conclusive in the absence of fraud or mistake. But a determination, although honestly made, upon a rule of assessment other than that prescribed by statute, as upon a rule of frontage merely, is not valid.

**Same—Records as Evidence.**—The records of the board of public works, being made by statute *prima facie* evidence of the facts therein stated, are not conclusive evidence of the proceedings of the board, and the facts may be shown by other evidence. The record of the board in this case shows upon its face that the assessment, in part, was made in disregard of the rule of benefits prescribed by statute.

*Certiorari.* A previous writ in this matter, directed to the board of public works of St. Paul, was quashed in *State* v. *Board of Public Works of St. Paul,* 27 Minn. 442. Following the opinion in that case, the relators, when the city treasurer applied to the district court of Ramsey county for judgment against the property assessed, appeared and objected, and, after a trial, judgment was denied. Thereupon, the common council of St. Paul ordered a reassessment, which was made by the board of public works. When the city treasurer applied for judgment on this reassessment, the relators again appeared and filed objections. The case was tried by the court, *Simons,* J., presid-

ing, and judgment was ordered against all the property reassessed. This writ was sued out to review these proceedings in the district court. The facts upon which, and the manner in which, the reassessment was made, are stated in the opinion.

*McMillan & Beals*, for relators.

*W. P. Murray*, for respondent.

DICKINSON, J. *Certiorari* to the district court of Ramsey county. Proceedings were had for the grading of a portion of Mackubin street in the city of St. Paul. The proceedings were conducted under the provisions of special legislative enactments relating to the making of such improvements in said city, and the levying of special assessments therefor. Sp. Laws 1874, *c.* 1, as amended by Sp. Laws 1875, *c.* 1. After preliminary proceedings, the regularity of which is not called in question, an assessment was made by the board of public works, by which the cost of making the improvements was charged upon the real property of the relators, and upon other property fronting upon the street a part of which was graded. Such assessments having been paid only in part, application was made to the district court on the part of the city, as provided in such statutes, for judgment against the lands so charged, for the amount of such unpaid assessments. Upon hearing upon such application, judgment was refused, for reasons which affected the validity of the assessment. Thereupon the common council, as authorized by such statutes, ordered a reassessment by the board of public works, upon the property as to which judgment had been denied, of its proportionate part of the cost of the improvement. Such reassessment having been made, and the same not having been paid, application was made to the district court for judgment, which was allowed and entered.

By this writ there has been brought before us for review the question as to whether the city was entitled to such judgment. A part of the improvement for which these assessments were made consisted of gutters made upon that part of the street which was graded, and a culvert at a point in the graded part of the street. The making of the gutters and culvert seems to have been treated as a part of the general work of grading the street, but the cost of the culvert and of the

gutters was ascertained separate from the cost of the grading proper, and a different apportionment made of the cost of the three items. It appears that so much of the cost of the grading proper as had not been paid upon the former assessment (less the sum of $8.15) was, by the assessment in question, charged upon the property fronting upon the street (excepting such property as had paid the assessment before made) along the whole of the graded portion, and for a considerable distance beyond, the charge being made upon all this property equally, in proportion to the extent of its frontage upon the street. It appears that in addition to the assessment of the cost of the grading proper, the cost of the gutters was assessed equally, in proportion to the frontage upon the street, upon the property immediately abutting upon that part of the street where the gutters were laid, and that in the same way the cost of the culvert was charged upon the property immediately adjacent thereto.

It is claimed, on the part of the relators, that the board of public works, in making these assessments, did not pursue the requirements of the statute, in that they did not at all consider or determine the question as to what property was benefited by the improvement, nor the extent or proportion of benefit, but charged the cost of the work upon the property of the relators by applying an arbitrary rule of frontage.

The order or determination of the board of public works in respect to the assessment, and in accordance with which the same was made, as entered in the record of their proceedings, is as follows: "Pursuant to due notice, the matter of making and completing the reassessment for grading Mackubin street from Dayton avenue to University avenue came up, and, no one objecting, the said reassessment was completed, and the clerk directed to give the confirmation notice; all property assessed on said Mackubin street, from Charles street to Summit avenue, being deemed benefited proportionately alike, according to frontage, for the cost of grading; and that, in addition thereto, the property fronting on gutters and culverts shall be charged the cost thereof. Yeas, 6." We interpret the latter half of this record as though it read as follows: "All property on said Mackubin street, from Charles street to Summit avenue being deemed benefited proportion-

ately alike, according to frontage, is reassessed for the cost of grading; and that, in addition thereto, the property fronting on gutters and culverts shall be charged the cost thereof."

The statute, under which alone these proceedings are authorized, prescribes the rule in accordance with which such assessments must be made, except in respect to sidewalks and sewers, as to which a different course may be pursued. The cost of the improvement is to be assessed by the board of public works upon the real property specially benefited thereby, in proportion, as nearly as may be, to such benefits, and only to the extent of such benefits; and, in estimating the benefits to any particular tract of land, consideration should be had of the nature of the owner's interest therein, the form and position of the land, the qualified rights of the owner in reference to its enjoyment, and any other circumstances which render the proposed improvement more or less beneficial to him. Sp. Laws, 1874, *c.* 1, *subc.* 7, title 1, §§ 23, 69, 71, pp. 61, 78, above cited.

It has been decided in this court that the determination by this board of public works of the facts as to what property is benefited, and the extent of such benefit, is, under the statute, conclusive, in the absence of fraud or of demonstrable mistake of fact. *Rogers* v. *City of St. Paul,* 22 Minn. 494; *Carpenter* v. *City of St. Paul,* 23 Minn. 232; and *State* v. *Board of Public Works of St. Paul,* 27 Minn. 442. But only the determination of the board, made in the exercise of the power conferred upon it, is thus final. It has no power to depart from the rule prescribed, which makes the benefit derived from the improvement to be the measure and the limit of the assessment as to each particular tract of land. If it appears that such rule has not been followed, the assessment cannot stand. *State* v. *Com'rs of New Brunswick,* 38 N. J. Law, 190; *State* v. *Mayor of Jersey City,* 40 N. J. Law, 485; *Johnson* v. *City of Milwaukee,* 40 Wis. 315; *Watkins* v. *Zwietusch,* 47 Wis. 513; *Chamberlain* v. *City of Cleveland,* 34 Ohio St. 551. If, for instance, the board should, instead of following the rule of benefits prescribed by law, adopt arbitrarily a method of apportioning the cost of an improvement upon a basis of street frontage only, without regard to benefits, there would not be involved the exercise of the judgment which the law requires of the board; their

determination would not be such as is authorized and required by the statute, and would not be conclusive.

It does not appear from the record that the statutory rule of assessment was pursued; on the contrary, we are of the opinion that the terms of the order of assessment above given indicate that, as to the gutters and culverts, the cost was charged upon the property immediately adjacent to them upon a simple rule of frontage, without determination of the question whether such property was specially benefited by such improvements; whether such benefit, if any was conferred, was equal to the cost assessed; and whether the benefit was shared alike by all of the property charged, and in proportion to its frontage.

But it is not necessary to rest the decision of the case upon the legal interpretation of the record. Upon the hearing of the application for judgment in the district court, the relators offered to prove, by competent testimony, that, in making this reassessment, the board of public works took the remaining cost of the work, after deducting the amount paid on the first assessment, and arrived at the reassessment upon a basis of frontage on the street, without regard to benefit or proportionate benefit, and without regard to the form or position of any of the parcels of land. The evidence, being objected to, was excluded, and exception taken. The evidence should have been received. The relators had filed their objections to the application for judgment, specifying these, among others, as grounds upon which the application was opposed. They had a right to interpose such objections at that stage of the proceedings. *State* v. *Board of Public Works of St. Paul, supra.* Upon the objections so filed, the matters involved were presented to the court for summary trial and determination. There was involved directly, and not collaterally, the validity, in the respects specified in the objections, of the assessment upon which judgment was sought. Even though the record made by the board of public works had been such as to show affirmatively upon its face that the law had been complied with, and the proceedings regular, still such record did not preclude the relators, in such proceedings, from showing, by evidence outside the record, that the fact was as they offered to prove it to be. Section 21 of the act of 1874, above

referred to, requires a record to be kept by the board of public works of their proceedings, and makes such record to be "*prima facie* evidence of the facts therein stated." Sp. Laws 1874, p. 60, § 21. The statute making the record *prima facie* evidence only, it is not conclusive, and the fact recorded, or concerning which the record may be silent, is open to proof. We may add that, since the record is not conclusive as evidence, it does not conclude either party, the city or the relators.

It is further considered (although this is not necessary to the determination of this case) that the record above quoted does not show affirmatively that the proper rule of assessment, even as to the charge for the grading proper, was followed in all respects; it does not show that the benefits on account of which the assessment was made upon the property were deemed equal to the cost so charged upon it.

The putting in of the gutters and culverts, if a necessary or proper part of the general work of grading the street, may, we think, be done as was done in this case. The cost of the several parts of the whole improvement need not necessarily be charged upon real property in the same proportion. A lot might be properly chargeable with a part of the cost of grading proper, and yet be properly exempt from assessment for a culvert. Such questions cannot be determined generally and for all cases alike. The question is one in each case for the determination of the board of public works as one of fact, the criterion in all cases being that which the statute has prescribed,—the benefit which may be conferred specially upon the property by the particular improvement, the cost of which is sought to be apportioned.

For reasons already sufficiently stated, the judgment as to the property of the relators must be set aside, and the proceedings remanded to the district court for a rehearing. Ordered accordingly.