[No. 11660.   In Bank. — January 27, 1888.]

NATIONAL BANK OF D. O. MILLS AND COMPANY, RESPONDENT, v. ADAM HEROLD, STATE TREASURER, APPELLANT.

WARRANT OF CONTROLLER — PAYMENT — EXPENSES OF SUPREME COURT — OFFICIAL CAPACITY OF PAYEE. — The state treasurer is not justified in refusing to pay a warrant of the controller, drawn to the order of the individual who is the clerk of the supreme court, and made payable out of the appropriation for the expenses of that court under section 47 of the Code of Civil Procedure, merely because the warrant omits to describe the payee by his official designation, nor because the various items of expense allowed by the board of examiners, for the payment of which the warrant was intended, had not been actually paid by the clerk to the parties to whom they were due.

ID. — ASSIGNMENT OF WARRANT — ACTION BY ASSIGNEE. — Such a warrant, although not a negotiable instrument, may be assigned, subject to all legal and equitable defenses to which it was subject in the hands of the original payee, and the assignee may maintain an action in his own name to enforce its payment.

ID. — INDORSEMENT AND DELIVERY — EQUITABLE ASSIGNMENT OF DEBT. — The indorsement and delivery of the warrant by the payee named therein is an equitable assignment of the debt, and an authorization to the assignee to receive the money due thereon.

ID. — WARRANT PRIMA FACIE GOOD. — A warrant of the state controller, drawn to the order of the clerk of the supreme court in payment of the expenses of the court, is prima facie good.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*Attorney-General Johnson*, for Appellant.

Warrants of the kind set out in the complaint are not negotiable instruments, and a purchaser in good faith and for value gains no greater rights than the payee of the warrant had. (*People* v. *Supervisors of El Dorado County*, 11 Cal. 170; *Martin* v. *City and County of San Francisco*, 16 Cal. 285; *Dana* v. *San Francisco*, 19 Cal. 486; *People* v. *Gray*, 23 Cal. 126; *Keller* v. *Hicks*, 22 Cal. 462; *Dillon on Municipal Corporations*, 3d ed., sec. 487; *Wall* v. *County of Monroe*, 103 U. S. 77.) In this case the warrant only was assigned. There should have been an assignment of the debt. (*Martin* v. *City and County of San Francisco*, 16 Cal. 285.) The treasurer had a right to refuse to pay the warrant, because section 47, Code of Civil Procedure, under which it was drawn, makes the money appropriated subject to the order of the clerk of the supreme court. The warrant should have been drawn in favor of McCarthy as clerk, and not in his favor as an individual. Had it been drawn in favor of the clerk of the supreme court, it would have been apparent to the assignees that he was acting in a trust capacity.

*Beatty, Denson & Oatman*, for Respondent.

The warrant in question, although not negotiable paper, was assignable, subject to the same defenses as might be made by the state against the payee named in the warrant. (1 Dillon on Municipal Corporations, sec. 487; *Dana* v. *San Francisco*, 19 Cal. 490; *People* v. *Supervisors of El Dorado County*, 11 Cal. 174; *Bank of Cal.* v. *Shaber*, 55 Cal. 322; *State* v. *Wells, Fargo & Co.*, 15 Cal. 336; *El Dorado* v. *Elstner*, 18 Cal. 147; *Shirk* v. *Pulaski*, 4 Dill. 210; *School District* v. *Lombard*, 2 Dill. 493; *Mayor*

v. *Ray*, 19 Wall. 468, 477; High on Extraordinary Legal Remedies, sec. 112; *Emery* v. *Mariaville*, 56 Me. 315; *Clark* v. *City of Des Moines*, 19 Iowa, 199; *Clark* v. *Polk County*, 19 Iowa, 248; *Dively* v. *Cedar Falls*, 21 Iowa, 565; *Commissioners* v. *Day*, 19 Ind. 450; Deering's Code Civ. Proc., sec. 1085, and cases cited.)

PATERSON, J.—This is a special proceeding to compel the defendant, the state treasurer, by mandate to pay a certain warrant issued by the state controller. The warrant was first presented for payment to Hon. D. J. Oullahan, who was at that time the treasurer, and upon his refusal to cash the same this proceeding was commenced. Judgment went for petitioner in the court below, Oullahan appealed, and his successor, Herold, has been substituted as defendant herein.

The following is a copy of the warrant:—

" CONTROLLER'S WARRANT.

"$1,213.          SACRAMENTO, CAL., April 10, 1885.

" The treasurer of state will pay out of the general fund, to the order of J. W. McCarthy, $1,213.

" Kind of service, sundries.

"Liability accrued March 3, 1885.

  (Seal)                "JOHN P. DUNN, Controller.

"No. 8,706.

"No. 2,001.

"Indorsed:—

"Payable out of the appropriation for expenses of the supreme court, under section 47, Code of Civil Procedure, thirty-sixth fiscal year.

"Indorsed:—

"Pay to I. W. Hellman, or order.

                    "J. W. McCARTHY.

                    "ISAIAH W. HELLMAN."

Appellant claims that he was justified in his refusal to pay the warrant, first, because it was not issued to McCarthy, *clerk of the supreme court,* but to J. W. Mc-

Carthy, individually; second, because such warrants are not negotiable, and they cannot be assigned, at least not without an assignment of the indebtedness; third, it is not shown that the parties with whom the clerk contracted, and to whom the several amounts of the account were due, have been paid.

1. It is expressly stated in the answer that "said warrant No. 8,706 was drawn in favor of and delivered to J. W. McCarthy, clerk of the supreme court." The omission of the controller, therefore, to describe the official character of McCarthy in the warrant is not material. The warrant shows that it was issued under section 47, Code of Civil Procedure, which authorizes the issuance of warrants to no one except the clerk. It was a matter of record that the account upon which the warrant was issued had been duly certified to be correct, and that thereafter the amount claimed had been audited, allowed, and approved by the board of examiners. The treasurer knew, as matter of fact, that the McCarthy named in the warrant was the clerk of the supreme court, knew his signature, and unquestionably would have paid the warrant if presented by McCarthy himself.

2. Appellant cites a large number of authorities in support of his proposition that warrants like the one above set forth are not negotiable, and that a purchaser gains no greater rights than the payee of the warrant had. This may be admitted, but what boots it? In the leading case cited by appellant, Mr. Justice Field says: "The warrants being negotiable in form are transferable by delivery so far as to authorize the holder to demand payment of them, and to maintain in his own name an action upon them. But they are not negotiable instruments in the sense of the law merchant, so that when held by a *bona fide* purchaser, evidence of their invalidity or defenses available against the original payee would be excluded. The transferee takes them subject to all legal and equitable defenses which existed to them in

the hand of such payee." (*Wall* v. *County of Monroe,* 103 U. S. 77.)

In *Martin* v. *San Francisco,* 16 Cal. 285, it was held, it is true, that even where there was a regular assignment of such a warrant by the person to whom it was issued, the assignee could not maintain an action upon it without an assignment of the original indebtedness (16 Cal. 285); but it has since been said that an indorsement and delivery of the warrant would be in equity the assignment of the debt, and an authority to the assignee to receive the money. (*Dana* v. *San Francisco,* 19 Cal. 491; *People* v. *Gray,* 23 Cal. 127.)

The answer of defendant alleges two grounds of defense: 1. That the warrant was issued without authority of law; 2. That it could not be transferred by indorsement. In what respect it is claimed to be without authority of law we have not been informed. In his brief appellant makes the following fair statement of the case, which we think is a complete answer to his first ground of defense.

" It appears from the petition that said warrant was issued to the said J. W. McCarthy under the authority of section 47, Code of Civil Procedure. Consequently the amount called for was to have been disbursed by him as provided for in said section. It also appears that up to the time of drawing the warrant the provisions of said section had been complied with, and that the bill was approved for the full amount by the board of examiners. At the time the warrant was issued, and at the time it was presented for payment, there was an appropriation, as provided in section 47, Code of Civil Procedure, and said appropriation was unexhausted.

" After the issuance of the warrant, said McCarthy sold the warrant to I. W. Hellman for a valuable consideration, and indorsed on the back of the warrant the following: 'Pay to I. W. Hellman or order. J. W. McCarthy.'

"Said Hellman afterwards sold the warrant to the plaintiff, and indorsed the same in blank, as follows: 'Isaiah W. Hellman.' The court finds that both said Hellman and the plaintiff purchased said warrant in good faith and for value."

3. It does not concern the treasurer whether the parties to whom the several amounts allowed in the clerk's account have been actually paid. If the clerk had presented the warrant in person to the treasurer for payment, the latter would not have troubled himself with such inquiry, and we see no reason for such an inquiry now. None of the creditors of the clerk under this warrant complain, and the treasurer can scarcely be expected to constitute himself their guardian.

If it be conceded that the fact of non-payment by the clerk, if shown, would be a defense to this proceeding, it is sufficient to say that in this case *prima facie* the warrant is good, the presumption being that the officer has done his duty; and if there are any creditors remaining unpaid, it devolved upon the defendant herein to prove the fact. No attempt was made to plead or prove it.

Judgment affirmed.

SEARLS, C. J., SHARPSTEIN, J., and McFARLAND, J., concurred.

THORNTON, J., dissented.