GEORGE L. EMERSON *vs.* PATRICK M. HENNESSY and others.

December 7, 1891.

**Order Granting New Trial on the Evidence.**—Order granting a new trial, on the ground that the verdict was not supported by the evidence, affirmed under the rule laid down in *Hicks* v. *Stone,* 13 Minn. 398, (434.)

Appeal by plaintiff from an order of the district court for Ramsey county, *Kerr,* J., presiding, setting aside a verdict of $4,992 in his favor, in an action by him, as assignee of one Robert B. Hunter, for commissions alleged to have been earned by Hunter as a real-estate agent, and granting a new trial.

*Henry C. James,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondents.

MITCHELL, J.    If the trial judge had filed no memorandum in connection with the order appealed from, it could hardly be claimed but that, under the rule laid down in *Hicks* v. *Stone,* 13 Minn. 398, (434,) so often followed by this court, the order granting a new trial should be affirmed.    The main issue in the case was whether the defendants had made an express contract with Hunter, plaintiff's assignor, that if he procured a purchaser for a certain tract of land they would pay him, as a commission, one-half of all he sold it for over $500 per acre. The only direct evidence on behalf of the plaintiff was the testimony of Hunter himself, which was flatly contradicted by the testimony of defendants Hennessy and Cox, and, on some important matters, by that of Kavanagh.    So far from the preponderance of evidence being manifestly and palpably in favor of the verdict, it would seem that it was, at least in the number of witnesses, against it.    In his memorandum the trial judge says: "I am satisfied, upon the whole case, that the interests of justice will be subserved by a new trial. I am convinced that upon another trial evidence may be secured which will make the result, whatever it may be, more satisfactory to the court, and less fraught with inconsistencies and contradictions." Counsel claims that this shows that the court did not grant the new trial upon the ground stated in the motion, to wit, that the verdict

was not justified by the evidence, but merely because he thought, generally, that the interests of justice would be subserved by granting one, and that some new evidence might be discovered which would make the result more satisfactory. The memorandum of a judge is really no part of his decision. But, so far from construing this language as counsel does, we think it clearly indicates that the ground of the judge's dissatisfaction with the verdict was that it was against the weight of evidence. The case really reduced itself to a question of veracity between witnesses, and, while there was no suggestion of newly-discovered evidence in the motion papers, yet the record is strongly suggestive of the probability that upon another trial some circumstantial evidence may be found that will aid in determining which side tells the truth. While this, of itself, would be no ground for granting a new trial, yet a court might very properly take it into account in exercising his discretion in granting one, where, in his opinion, the verdict was against the preponderance of evidence. This, we think, is all the learned trial judge meant by the language used in his memorandum.

Order affirmed.