# IN RE APPEAL OF FRED W. MEYER FROM CONFIRMATION OF PAVING ASSESSMENT.[1]

### No. 23,839.

### March 21, 1924.

**Presumption that fourth class city council did its duty.**
   1.   In a proceeding for the paving of streets in a city of the fourth class, it will be presumed, in the absence of proof to the contrary, that the city council did its duty and satisfied itself of the qualifications of the petitioners.

**Burden of proof on objector to paving assessment.**
   2.   The burden of sustaining the issues involved in an attack upon an assessment for paving is upon the party alleging the facts constituting the issue.

**When statutory publication of process is complete.**
   3.   Where the statute requires notice of process to be served by publication for a stated number of weeks, the service becomes complete a week after the last publication.

**Waiver of time by appellant.**
   4.   Record examined, and *held* that appellant waived the shortage of time between the last publication and the day of hearing upon the petition.

**Judicial notice that paving requires drainage.**
   5.   It is common knowledge that paving necessarily requires drainage, the cost of which may be properly included in the general expense for the improvement.

**Engineer's expenses.**
   6.   Engineer's expenses *held* to be a matter for the council and the trial court, and, in the absence of a showing of some irregularity, the same will not be disturbed by this court.

[1]Reported in 197 N. W. 970, 199 N. W. 746.

AFTER REARGUMENT.

July 18, 1924.

**Lack of jurisdiction to order improvement defeats assessment, when.**
1. When it appeared that the city council was without jurisdiction to order the improvement because of failure to publish the notice of hearing called for by section 3, c. 65, Laws of 1919, the assessment could not be confirmed unless there was proof and finding of waiver of notice or of estoppel.

**Neither waiver nor estoppel.**
2. The filing of objections to the confirmation of the assessment long after the improvement was made is not evidence of waiver, nor did the filing of a petition after the improvement was ordered asking for a different pavement than the one laid estop appellant from insisting on his jurisdictional objection.

**Nor estoppel from payment of instalment of assessment.**
3. No waiver or estoppel is to be found in the fact that appellant, while the appeal from the confirmation was pending in the district court, paid his general taxes which included an instalment of the assessment for the improvement.

**Failure to seek injunction not evidence of waiver.**
4. Under the statute authorizing the city council to order an improvement like the one in question to be made, the property owner is not to be held to have waived his right to the jurisdictional notice, because, with knowledge that the improvement was being made, he did not seek injunctive relief, but relied for redress upon the provisions of the statute.

Fred W. Meyer appealed to the district court for Dakota county from the confirmation of a special assessment for paving of certain streets by the city council of Hastings. The appeal was heard by Converse, J., who made findings and ordered judgment confirming the assessment. Appellant's motion for amended findings was denied and his motion for a new trial was denied. From the judgment of confirmation, Fred W. Meyer appealed. Reversed after reargument.

*W. H. & H. W. Gillitt* and *Albert Schaller*, for appellant.

*A. B. Heinen*, City Attorney, *Ambrose Tighe* and *O. H. O'Neill*, for respondent.

QUINN, J.

Appeal from a judgment of the district court of Dakota county, dismissing an appeal from an assessment made by the city council of the city of Hastings, for the paving of certain streets in that city. The proceeding was had and the paving done under the provisions of chapter 65, p. 62, Laws 1919, as amended by chapter 419, p. 648, Laws 1921.

On May 16, 1921, a petition was presented to the city council of the city of Hastings,[1] asking that certain portions of Second street and of Sibley street be paved. The petition contained the statement that the signers were owners of property abutting on such streets. The council retained the petition and directed that notice of hearing thereon be given. Accordingly the usual notice of hearing was given by publishing the same in the official newspaper of the city on May 21, and again on May 28, 1921. Pursuant to such notice, a meeting of the council was held on May 31 and adjourned to June 20, 1921, at which time it adopted a resolution granting the petition. Appellant filed a petition protesting against the granting of said petition. Subsequently plans and specifications for the improvement were prepared by the city engineer and approved by the council. On August 18, 1921, contracts for the making of the improvement were let and entered into, the grading and paving being awarded to one contractor and the construction of the storm sewers to another.

Two petitions were presented to the council on September 6, 1921—one for the paving of parts of Ramsey and of other streets, and the other for the paving of parts of Hastings and of other streets. Each of these petitions contained the statement that the signers were property owners. They were retained by the council, and like notice of hearings thereon was given by the same sort of publication in the official paper. Pursuant to the notice a

[1] [See correction on page 440.] ·

meeting of the council was held and a resolution granting the petitions adopted. Plans and specifications were prepared and contracts were let and entered into in the same manner as upon the first petition. The improvements were all completed in November, 1921.

In January, 1922, long after the improvements were completed, the city clerk and the city engineer prepared an assessment list for the entire improvement, covering each assessable lot or parcel of land, without reference to the cash value thereof. This assessment list was subsequently considered and adopted by the council at a meeting called and held on February 6, 1922, upon due notice. Appellant attended this meeting, filed objections to the assessment, and participated in the consideration thereof. Pursuant to section 7, chapter 65, the city clerk transmitted a certified duplicate of such assessment to the county auditor who extended the same on the tax list of the county, and the first instalment of the assessment against appellant's property was so extended. In May following, the appellant, without protest, paid one-half of this assessment to the county treasurer. Under these circumstances, the court found as conclusions of law that the assessment was in all respects conformable to the law, and ordered judgment dismissing the appeal. From a judgment entered pursuant to such order this appeal was taken.

It is well settled that, as a general rule, the burden of proof to establish the affirmative of an issue involved in an action rests upon the party alleging the facts constituting the issue, and so remains until the end. 10 R. C. L. § 47 p. 898, and cases cited. Accordingly, one who attacks an assessment and levy as being void, has the burden of sustaining his contention. Bridger v. Exchange Bank, 126 Ga. 821, 56 S. E. 97, 115 A. S. R. 118, 8 L. R. A. (N. S.) 463; Nind v. Meyers, 15 N. D. 400, 109 N. W. 335, 8 L. R. A. (N. S.) 157. It is one of the first principles of justice to presume that a party has acted legally until the contrary is proven. In the instant case, the petition first presented to the council contained a statement that each of the signers thereof was an owner of property

abutting on those streets. The statute does not require the petition to state upon its face that the signers are owners of property abutting on the improvement in order to confer jurisdiction upon the council to proceed in the matter. It was, however, the official duty of the council to ascertain and determine for itself whether the signers were duly qualified petitioners. In the absence of proof to the contrary, the presumption of law is that the council did its duty in this respect and satisfied itself of the qualifications of the petitioners. Bradley v. Sandilands, 66 Minn. 40, 68 N. W. 321, 61 Am. St. 386; State v. Kempf, 69 Wis. 470, 34 N. W. 226, 2 Am. St. 753; 10 R. C. L. 880, and cases there cited; Nat. Bank v. Herold, 74 Cal. 603, 16 Pac. 507, 5 Am. St. 476; 1 Dunnell, Minn. Dig. § 3435.

Where a statute requires notice of process to be served by publication for a stated number of weeks in the official newspaper, the service becomes complete a week after the last publication. Cox v. Mor. Wis. Lumber Co. 82 Wis. 141, 51 N. W. 1130; Foster v. Vehmeyer, 133 Cal. 459, 65 Pac. 974; Market Nat. Bank v. Pac. Nat. Bank, 89 N. Y. 397; Auerbach v. Maynard, 26 Minn. 421, 4 N. W. 816; Bond v. Pennsylvania, 124 Minn. 195, 199, 144 N. W. 942; State v. Morrison, 132 Minn. 454, 157 N. W. 706. Hence the service of the notice of hearing upon the petition for the first improvement was not complete on May 31. As we view the case, appellant's property was included in the first improvement because he states in his objections to the assessment that, in ordering that improvement, the council ignored his petition of protestation. Again, where a property owner stands by and witnesses the expenditure of public funds in improvements which confer special benefits upon his property, and where the improvement is to be paid for by an assessment upon the property benefited, he should not expect to be relieved from the payment of his just proportion of the cost, upon technical objections, where he was in no way misled. State v. Morrison, 132 Minn. 454, 157 N. W. 706. Appellant not having been prejudiced in any way by the deficiency of time between the last publication and the day of hearing upon the first petition, and, having waived the defect in the service of the notice by

his subsequent acts and conduct, we hold that the trial court properly overruled the jurisdictional objection.

It is common knowledge that paving creates a necessity for drainage, especially so in a country like this, where the water is liable to find its way underneath the paving where it is likely to freeze and expand in such a manner as to destroy the entire improvement. Drainage is an indispensable part of a paving project, the cost of which may be properly included in the general expense of the improvement, as held by the learned trial court in the instant case. State v. District Court of Ramsey County, 29 Minn. 62 (67), 11 N. W. 133.

The contention relating to the including of the engineer's expenses was one particularly for the council and the trial court, and we find no trouble with the manner in which it was disposed of. There is no showing that the amount charged for his work was in excess of the reasonable value of the services rendered. We find no reason for interfering with the findings and conclusions of the court in the premises.

Affirmed.

A petition for reargument was granted upon the question whether the record showed waiver of statutory notice.

### AFTER REARGUMENT.

### July 18, 1924.

HOLT, J.

It is clear from the memorandum of the learned trial court that the decision went against appellant because of the conclusion that the publication of the initial notice to property owners was sufficient and gave the city council jurisdiction. We held to the contrary, but, inadvertently construing an objection to the confirmation of the assessment into a waiver of the due publication of notice, the order was affirmed. In so construing the objection we were wrong.

Laws of 1919, p. 62, c. 65, § 3, makes the due publication of the notice of the council meeting at which the petition for the improvement is to be heard and considered a jurisdictional prerequisite for the council to act. Under the chapter cited, if the improvement is determined upon and made, a certain person designated by the council makes a proposed assessment therefor upon the property benefited, and then a notice is given the property owners of a hearing upon such assessment before confirmation by the city council. If an owner deems himself aggrieved by the assessment as confirmed, he may appeal to the district court.

In the instant case this notice of confirmation was given, at which appellant appeared and filed objections, the main one being want of jurisdiction to order the improvement because of lack of proper publication of the notice. The assessment was, nevertheless, confirmed and the appeal followed which is here under review. When it appeared in the court below that due publication of the notice required by said section 3 was not had, the assessment could not be confirmed either by the city council or upon appeal by the court, at least not unless the proof clearly showed a waiver of notice or estoppel. There is no finding of either waiver or estoppel, and we think no evidence upon which to base a finding. The nearest approach is the seventeenth finding, reading: "That on said 6th day of February, 1922, the city council met pursuant to said notice and proceeded to consider said assessments and to hear objections thereto. That at said time and place the appellant filed certain objections to the said assessment in writing, which objections are on file in this court in this proceeding. The council adjourned the hearing on said assessments from day to day until February 20th, 1922, during which time all of said objectors had opportunity to be heard; on which last date the council confirmed and adopted the assessments as proposed by the city clerk and the city engineer against the property of the appellant."

It is plain from the record that the hearing referred to was had long after the improvement ordered by the council had been finished. The appellant could not then with any hope of success raise the question that the improvement should not have been ordered.

The objection to the jurisdiction was no doubt promptly overruled by the council, and also, as stated, by the court. By presenting other objections to items included in the assessment and contending for their elimination appellant did not waive the jurisdictional objection.

We shall notice the several items which respondent on the rehearing urges as evidence of waiver and estoppel, but which we do not consider sufficient even if findings had been attempted to be predicated thereon.

Appellant's appearance before the city council, several months after the improvement had been ordered, petitioning for a different kind of pavement than the one the council threatened to and did lay, cannot be treated as a waiver of the jurisdictional notice. (In the former opinion it was erroneously stated that this petition was presented to the council prior to the adoption of the resolution ordering the improvement). His petition was ignored. This petition, referred to in folios 95 and 96 of the record and being the fourth specification of the second ground of objection or protest filed by appellant to the confirmation of the assessment, can be none other than the document which was excluded as immaterial upon respondent's objection (folios 142 to 147 of the record). In this state of the record it is difficult to see how respondent can with any propriety assert either waiver or estoppel by resorting to appellant's protest or petition referred to.

The cases on which respondent relies are not in point. In Johnson v. Allen, 62 Ind. 57, the objector to the assessment petitioned for the postponement of the improvement for one year, the contractor consenting. It was granted. Clearly as to the contractor suing to collect the assessment, the procedure authorized in Indiana, he was estopped, the court saying: "The time for making the improvement being thus postponed for the accommodation of appellant, and at his request, we do not think he can now be heard to question the passage of the necessary ordinance, if an ordinance were necessary, or the sufficiency of the letting of the contract." So also in Board of Commissioners v. Plotner, 149 Ind. 116, 48 N. E. 635, a suit to enjoin the collection of an assessment, the owner

was defeated because he had asked and obtained extension of time to pay the first instalment. In Goodvillie v. City of Detroit, 103 Mich. 283, 61 N. W. 526, 291, the improvement was ordered under a procedure and 'statute not at all similar to that governing the respondent, and furthermore the remonstrance or appearance there was at the time the improvement was ordered.

It is also contended that by paying taxes, which included part of the first instalment for this improvement, appellant waived the irregularities in the proceedings. The jurisdictional objection is more than an irregularity, and, as we understand the record, the appeal from the action of the council confirming the assessment was pending in the district court when the tax was paid. Appellant was then in court pursuing the remedy the statute gives and did not need to protect the outcome by employing lawyers to raise a contest in the subsequent tax proceeding. It may have been cheaper for appellant to pay the first instalment of the assessment included in his general taxes than defend therein and subject himself to the penalties and interest on such taxes.

Then again it is argued that the court rightly confirmed the assessment because appellant stood by, saw the improvement made, and has now the benefit thereof. This proposition was not litigated, and there is no finding thereon. Nor are we impressed with the argument that appellant is precluded from questioning the jurisdiction of the city council by the fact that he did not rush into court sooner than he did. He is not now seeking equitable relief, but standing strictly on the statutory right of appeal from the action of the city council. It is really the first opportunity the statute provides for redress. An owner is not obliged to meet with injunctions unlawful attempts to burden his property with assessments for public improvements or be held estopped if he does not.

Respondent relies on State v. Johnson, 111 Minn· 255, 126 N. W. 1074, a proceeding to collect delinquent taxes. There the irregularities in a. drainage project were such as to entitle the owner to relief had he taken timely action. It was not a case of want of jurisdiction. But this language in the opinion is laid hold of: "There is

abundant authority for the claim advanced by appellants that where a property owner stands by and witnesses the expenditure of public funds in improvements which confer special benefits upon his property, and where the character of the improvement is such that it must be paid for by an assessment upon the land benefited, he will not be permitted to question the validity of an equitable assessment levied for improvements made under color of law." Atwell v. Barnes, 109 Mich. 10, one of the authorities cited in the opinion, uses nearly the same language and holds that a court of equity will not interfere in behalf of one who so stands by, but says that where the proceeding is without jurisdiction "no waiver can cut off the rights of the party, or interfere with his right to complain." It may be said that a reversal will not in the end be of much value to appellant for a reassessment under section 10 of said chapter 65 may be made on the authority of City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424; State ex rel. St. Anthony Park N. T. Co. v. District Court, 95 Minn. 183, 103 N. W. 881; State ex rel. Lownsberry v. District Court, 102 Minn. 482, 113 N. W. 697, 114 N. W. 654. This proposition is not involved on this appeal. At any rate, the assessment made must be set aside before any proceeding under section 10 may be had.

The judgment is reversed and a new trial ordered.