## FARMERS STATE BANK OF CHRISTINE v. MERCHANTS & MANUFACTURERS STATE BANK.[1]

July 31, 1925.

No. 24,591.

**Judgment should be reversed and new trial granted on appeal from judgment, after denial of defendant's motion for judgment notwithstanding verdict or new trial, where probable that deficiency in plaintiff's proof may be supplied on another trial.**

In an action for damages, based on an alleged false and fraudulent representation respecting the quality of commercial paper which defendant sold to plaintiff, the plaintiff failed to prove that the makers of the paper were not financially responsible when the sale was made. There is probability that the deficiency in the proof can be supplied if another trial is had. Defendant's motion for judgment or a new trial was denied. The appeal is from the judgment. The error assigned is the denial of the motion for judgment and not the denial of a new trial. The judgment should be reversed, but judgment for defendant should not be ordered, the case being one in which there should be a new trial.

See Appeal and Error, 4 C. J. p. 1186, § 3223.

Action in the district court for Hennepin county to recover for false representations. The case was tried before Molyneaux, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from the judgment. Reversed.

*Joss, Ohman, Fryberger & Parker*, for appellant.

*Elliott, Doll & Coursolle*, for respondent.

PER CURIAM.

The complaint alleges that in January, 1920, defendant was plaintiff's Minneapolis depositary; that plaintiff offered to buy and defendant agreed to sell "good bankable paper," amounting to $2,000; that defendant forwarded to plaintiff a promissory note of $2,000;

[1]Reported in 204 N. W. 965.

that plaintiff paid that sum to defendant; that the note was worthless, as defendant well know; that, with intent to defraud plaintiff, defendant falsely represented that the makers of the note were financially responsible; that plaintiff had no knowledge of the value of the note or the financial responsibility of the makers and relied on the representations made by defendant; and that damage in the sum of $2,000 resulted. The answer contained a general denial which put in issue the alleged fraud. At the close of the evidence defendant moved for a directed verdict. The motion was denied. The jury returned a verdict in plaintiff's favor. Defendant moved in the alternative for judgment or a new trial. The motion was denied, judgment was entered on the verdict and defendant appealed therefrom.

The transaction which gives rise to this litigation began with a letter written on the stationery of the defendant. It reads thus:

"January 20, 1920.

"Farmers State Bank,
"Christine, North Dakota.

"Gentlemen:
"We are enclosing herewith note of $2,000 signed by J. G. Walstad and J. K. Nesvik. I wish you would kindly carry this for us. The note is made in blank and you can fill in the bank's name.
"Yours very truly,

"A. M. Hovland,
"President."

Plaintiff replied, but its reply is not in evidence. It received a second letter, which reads:

"January 26, 1920.

"Farmers State Bank,
"Christine, North Dakota.

"Gentlemen:

"We have your letter.

"The note sent you is good and in addition you have the note of Henry T. Riley of $5,000 as collateral which is also good.

"Yours very truly,

"A. M. Hovland,
"President."

The makers of the note are the men whose relations with Hovland are described in Engen v. M. & M. State Bank, supra, page 293. The two cases were tried together and it is agreed that so much of the evidence in the Engen case as is pertinent to this case may be considered as though it had been introduced separately in this case.

At the time of the trial the Riley note was worthless, for Riley had gone through bankruptcy about two years before. Whether the note was good when the two letters were written does not clearly appear.

On the day the first letter was written defendant credited the First State Bank of Lansford with $2,000, and on the following day it charged plaintiff's account with the same amount. The note came to plaintiff with a blank for the insertion of the name of the payee, and plaintiff inserted its name therein. The note fell due in November, 1920, and plaintiff sent it to defendant for collection. It was not paid, but a renewal note was sent back with a check for the interest. A year later when the renewal note fell due, it too was sent to defendant for collection, and plaintiff got back a second renewal note and a separate note for a year's interest. Walstead and Nesvik were the makers of both notes and neither has been paid.

Under the pleadings, one of the issues was whether Walstead and Nesvik were financially responsible when the original trans-

action took place. We have searched the record in vain for any evidence bearing on that issue. Aside from the fact that the note was not paid when it fell due and that neither the principal nor the interest represented by the renewal notes has been paid, there is nothing from which a court or jury could infer that the makers were not financially responsible when their note was sold to plaintiff.

Plaintiff failed to prove one of the material allegations of its complaint, and defendant was entitled to a dismissal when plaintiff rested. Dun. Dig. §§ 9751, 9765. If there had been a dismissal, or if a verdict had been directed at the close of the evidence and plaintiff had moved for a new trial, the court might have granted the motion, if there was a probability that on another trial additional evidence could be produced. Emerson v. Hennessy, 47 Minn. 461, 50 N. W. 603.

If defendant's motion for judgment had been granted and judgment entered, by no possibility could there be a recovery although evidence to substantiate the unproved allegation could be produced. If such evidence is available, plaintiff ought to have an opportunity to produce it. Soon after the passage of the statute authorizing a defeated party to move for judgment notwithstanding the verdict, it was held that the statute created no new remedy, but merely extended the common law remedy to cases where, upon the evidence, either party is clearly entitled to judgment. Cruikshank v. St. P. F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958.

It was also held that, if the defendant elects to stand exclusively on his motion for judgment, he is not entitled to that relief, even though there was a total absence of evidence on some material point, if it appears to be probable that the plaintiff had a good cause of action and that the defect in the evidence could be supplied on another trial. Kreatz v. St. Cloud School Dist. 79 Minn. 14, 81 N. W. 533.

These cases have been followed repeatedly and we think they are applicable here. The evidence in this and the Engen case is interwoven. Facts disclosed in that case indicate that on another trial the plaintiff will probably be able to supply the deficiency in its

evidence. Although plaintiff cannot hold its verdict, it ought to have an opportunity to supply an omission in its proofs if it is within its power to do so. This result can be accomplished by granting defendant's motion for a new trial and denying its motion for judgment.

Defendant has not asked this court to grant a new trial. It took no appeal from the order denying its blended motion. It does not assign as error the refusal of the trial court to grant its motion for a new trial. It stands on its motion for judgment.

It has been held that the fact that the evidence was such that a new trial ought to be granted is not sufficient to warrant a court in granting a motion for judgment. Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617.

It has also been held that when a party moves only for judgment and rests upon that motion alone, he waives all error which would be ground for a new trial only and cannot be awarded a new trial on appeal. Northwestern M. & T. Co. v. Williams, 128 Minn. 514, 151 N. W. 419.

In the case at bar the motion for judgment was blended with one for a new trial. Both motions were denied, the first correctly and the second erroneously. Defendant is here complaining because the first was not granted. If that were the only ground upon which an assignment of error could be based, it would be our duty to affirm the judgment. But in the court below defendant asked for a new trial because the verdict, which is the foundation of the judgment, was not supported by the evidence. The ends of justice would have been served if the motion had been granted. The effect of a reversal of the judgment is to leave the court below free to proceed in any manner not inconsistent with the opinion of this court. Nash v. Kirschoff, 161 Minn. 409, 201 N. W. 617, and cases cited. We have sufficiently indicated the course which should be followed when the case goes back to the district court.

The judgment is reversed and the case remanded for further proceedings in accordance herewith.