## IN RE APPEAL OF F. W. MEYER AND OTHERS. CITY OF HASTINGS, APPELLANT.[1]

Nos. 26,841, 26,842, 26,843, 26,844, 26,845, 26,846, 26,847, 26,848, 26,849, 26,850.

January 18, 1929.

[1]Reported in 223 N. W. 135.

*J. M. Millett, C. S. Lowell* and *E. J. Hiniker,* for appellant.

*W. H. & H. W. Gillitt* and *Albert Schaller,* for respondents.

STONE, J.

The city of Hastings appeals from a judgment annulling a reassessment of the cost of paving. The subject matter has been here before on appeal from a judgment sustaining the original assessment for the cost of the improvement. In re Appeal of Meyer, 158 Minn. 433, 197 N. W. 970, 199 N. W. 746. There was a reversal, and the original assessment annulled because of a jurisdictional defect of notice.

Hastings is a city of the fourth class, and the improvement was made pursuant to L. 1919, p. 62, c. 65, § 10 of which provides for a reassessment to cover the cost of an improvement whenever the original assessment or any part thereof is set aside for any reason whatsoever. Section 12 gives to any aggrieved person "who appeared and filed objections" to an assessment or reassessment the right of appeal to the district court. There has been a reassessment, and the same objectors again appealed to the district court. There are ten cases, which were all tried as one. The decision was against the city, the determinative finding of fact being that the reassessment was made "without taking into consideration the special benefits to the property" of the objectors and "that the same was arbitrary and greatly exceeded the benefits of said property." The appeal is by the city from the judgment ordered pursuant to that finding.

At the trial the city proved the reassessment and nothing more. The very witnesses by which that proof was made, some of them at least, admitted on cross-examination that the cost of the paving per

square yard being first ascertained, each lot or parcel of ground owned by the appellants was charged with the paving between its front and the middle of the street, as one of them testified, "without regard to the cash value of the land" or the question "how much better the property was with the pavement in front of it." One such witness testified unequivocally and without contradiction that the "question of benefits or damage to the property" was not considered nor the possibility that "an assessment against a lot might be more than the lot was worth" and in consequence "a confiscation of that very property." There is no direct evidence otherwise that the members of the city council who ordered the reassessment did not make sure that the resulting charge against each lot or parcel of ground included in the reassessment was not more than the benefits actually accruing to such lot.

There is evidence for the objectors that in each case the assessment is greater than the actual benefit to the property. For some reason not to be gathered from record or argument, that proof for the objectors was not met by any opposing evidence for the city. The direct evidence in opposition convinced the learned trial judge that, notwithstanding the presumption in its favor, the reassessment was confiscatory; hence he set it aside.

The argument for the city overrates the effect of the reassessment and attaches thereto elements of infallibility which it did not possess. True, it was a legislative act, accompanied by all the usual sustaining presumption of validity. Such an assessment or reassessment expresses "legislative judgment" that the property is specially benefited to the extent of the assessment. State ex rel. Oliver I. Min. Co. v. City of Ely, 129 Minn. 40, 41, 151 N. W. 545, Ann. Cas. 1916B, 189; Rogers v. City of St. Paul, 22 Minn. 494. But even though the proceeding is largely legislative in character, it must not violate the constitutional prohibition against the taking of private property for public purpose without just compensation. Charging private property with a lien for a public improvement to an amount beyond the benefits received by the property would be such a taking. In re Assessment for Paving Concord Street, 148 Minn. 329, 181 N. W.

859; Armour v. Village of Litchfield, 152 Minn. 382, 188 N. W. 1006. Allegation and proof that such is the effect raise a judicial question, upon which the legislative action is not final and which when properly presented the courts must consider on its merits. The presumption of the validity of the legislative action under review is weighty but rebuttable. Proof in opposition raises an issue of fact upon which normally the decision of the trier of fact will be final.

Counsel for the city, relying upon Rogers v. City of St. Paul, 22 Minn. 494, assert that, there being no proof of fraud, demonstrable mistake of fact, or plain error of law shown to vitiate the reassessment, it is conclusive. They seem to overlook the fact that the charter of St. Paul, under which the improvement involved in the Rogers case was made, declared that the determination by the city council of the question whether the special benefits would be as great as the expense of making it should be final and conclusive; whereas the statute now involved expressly gives the right of appeal from the legislative judgment to that of the judiciary on questions which are within the constitutional competency of the latter. The statute is not explicitly to that effect, but of course it must be so limited, for the jurisdiction of the district court conferred by a statutory appeal cannot extend beyond the judicial questions involved.

In view of the express right of appeal, we need not concern ourselves with the extent to which the determination of the matter by the city council would be conclusive otherwise. But it may be noted that in subsequent cases the ruling of the Rogers case, 22 Minn. 494, as to the conclusiveness of the legislative determination, has been somewhat qualified. For example, in State ex rel. Cunningham v. District Court, 29 Minn. 62, 65, 11 N. W. 133, it was said that the legislative power must not "depart from the rule prescribed, which makes the benefit derived from the improvement * * * the measure and the limit of the assessment as to each particular tract of land. If it appears that such rule has not been followed, the assessment cannot stand." And in State ex rel. Shannon v. Judges of District Court, 51 Minn. 539, 543, 53 N. W. 800, 55 N. W. 122, it

was observed, that while the question whether particular property is benefited and to what extent is in the first instance for the judgment of those whose duty it is to make the assessment and that their determination, in the absence of fraud or demonstrable mistake of fact, is conclusive, yet "they must exercise their judgment, and, if it appears that they have not done so, but have substituted an arbitrary, inflexible rule instead of their judgment, their work cannot stand."

The determinative finding in the instant case we construe to mean just that, and that an arbitrary rule was applied without reference to the relation between assessment and benefit. As we have shown, the very witnesses called on to sustain the assessment gave testimony to that effect. There is no way, on this record, of escaping the two findings fatal to the reassessment—one that it was arbitrary and made without regard to the special benefits to the property of the objectors, and the other that it greatly exceeded the benefits to that property.

Judgment affirmed.

WILSON, C. J. (dissenting).

I dissent. I recognize the legal principles as stated, and they technically lead to an affirmance. If I were convinced that it merely meant a new trial, I would concur.

A new trial is seldom granted when it is not asked. But we have the power to do so, and in rare cases we have done so. I think the public interest and probable injustice that may follow the affirmance herein is sufficient reason to prompt us to grant a new trial. Certainly evidence must be available by which the city might refute the claim of confiscation, and it does not seem to me that the claim of the objectors is of such character or nature as to entitle them to any indulgence at the hands of the court. A man should pay for his just proportion of a local public improvement in front of his valuable city property. In cases of this character, the question is not so much the rigid enforcement of abstract rules as it is to see that substantial justice is done. The opinion and its consequences indicate to me that the objectors are, through technicalities, escaping a just

obligation which will have to be paid by those upon whom it should not fall.

HILTON, J. (dissenting).

I concur in the views of the Chief Justice.

UPON APPLICATION FOR REARGUMENT.

On March 22, 1929, the following opinion was filed:

STONE, J.

Appellant's petition for rehearing is denied. The burden of the petition is that our decision does not consider all the alleged errors assigned in support of the appeal. That claim in turn is reducible to the point that L. 1919, p. 62, c. 65, § 11, requires an objector to an assessment to file with the clerk a written statement of his objections and that all objections not so specified shall be deemed waived. The claim is that that section applies to a reassessment as well as to an original assessment and that no written objections were filed to the reassessment here involved. The record does not show whether written objections were or were not filed, and the case went to decision on the merits without any objection on that ground. The point was not made even by motion for judgment or a new trial and was not thought of apparently until the appeal to this court. Then of course it was too late.