# REBECCA YAGER v. LLOYD HELD AND ANOTHER.[1]

April 22, 1932.

Nos. 28,771, 28,772.

[1]Reported in 242 N. W. 469.

**72**

*Snyder, Gale & Richards,* for appellant Lloyd Held.

*Seaton, Mordaunt, Kennedy & Carroll,* for appellant Herman P. Weidner.

*J. D. Sullivan,* for respondent.

WILSON, C. J.

The two defendants separately appealed from a judgment awarding damages for the wrongful death of Edward H. Yager, plaintiff's intestate.

Decedent was riding with defendant Held in his Ford sedan. They were traveling on paved trunk highway No. 3 near St. Cloud. Defendant Weidner and another were riding in Weidner's truck traveling in the opposite direction. It was nighttime. The two motor vehicles collided, and Yager was killed.

The complaint charged concurring negligence on the part of the two defendants. Each defendant in his answer denied negligence and pointed to the other defendant as being responsible for the collision. Upon the trial plaintiff showed that these vehicles were traveling at 40 to 45 miles per hour.

Plaintiff rested without calling either of the defendants or the man riding on the truck with defendant Weidner. These three men should be able to disclose the facts so that the jury may place the responsibility where it belongs. Defendants rested without offering any testimony. Their separate motions for directed verdicts were denied. The verdict against both defendants for $7,500 followed. Defendants did not ask for a new trial, but now seek judgment notwithstanding the verdict.

■ Plaintiff contented herself by showing the fact of the collision and the result. The proof does not show the reason why the vehicles collided. The fact of the collision apparently necessarily shows that one or both were on the wrong side of the road. It may be that each was partly on the wrong side of the road. We do not know. It may be that but one was on the wrong side of the road. But if so, which was in the right and which was in the wrong? Plaintiff must prove negligence. An examination of

the record satisfies us that the evidence is insufficient to sustain the verdict. The deficiency rests in the fact that one defendant may have been free from negligence; and, if so, we cannot say which defendant that was. It would seem that plaintiff has a good cause of action and should recover, but the evidence fails to show that both of the defendants were guilty of negligence, and upon the record it may be that one of the defendants may not be guilty of negligence. It follows that the evidence fails to establish which defendant, if but one, was guilty of negligence. It does not necessarily show that both were guilty of negligence.

It seems so obvious that this accident resulted from one or both of the defendants' being on the wrong side of the road that we give little consideration to the question of speed. If, however, there is evidence, which is not conceded, that permits a finding that both defendants were negligent because of speed, the fact remains that plaintiff has not sustained the burden of proof resting upon her showing that the negligence of both defendants proximately contributed to the accident.

■ Defendants cannot be given the relief which they seek upon this appeal for the reason that we have a very definite rule that where it appears probable, as here, that a party has a good cause of action or defense, and that deficiency of proof may be remedied on another trial, judgment should not be ordered. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5082.

In cases wherein the appeal is from the judgment after the order has been made denying a motion for judgment notwithstanding a verdict but without asking for a new trial, as here, this court has said that we would not grant judgment even where there was a total absence of evidence on some material point, but where it appeared probable that the party had a good cause of action or defense and that the defect in the evidence could be supplied on another trial. 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5082, note 8, and cases cited. In Farmers State Bank v. Merchants & M. State Bank, 164 Minn. 300, 303, 204 N. W. 965, 966, it was said:

"It was also held that, if the defendant elects to stand exclusively on his motion for judgment, he is not entitled to that relief, even though there was a total absence of evidence on some material point, if it appears to be probable that the plaintiff had a good cause of action and that the defect in the evidence could be supplied on another trial. Kreatz v. St. Cloud School Dist. 79 Minn. 14, 81 N. W. 533."

■ Defendants moved only for judgment and rested upon that motion alone. They thereby waived the errors which might have given them a new trial. N. W. Marble & T. Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L. R. A. 1915D, 1077; Farmers State Bank v. Merchants & M. State Bank, 164 Minn. 300, 204 N. W. 965; Bragg v. C. M. St. P. & P. R. Co. 81 Minn. 130, 83 N. W. 511.

■ Where a judgment is reversed in this court upon the ground that the finding of fact on which such judgment is based is not sustained by the evidence, a new trial must inevitably follow. In other words, the reversal of the judgment results in the necessity of a new trial without our expressly granting a new trial. Jordan v. Humphrey, 32 Minn. 522, 21 N. W. 713; Backus v. Burke, 52 Minn. 109, 53 N. W. 1013; Cool v. Kelly, 85 Minn. 359, 88 N. W. 988. This results in a new trial when it is not asked. We cannot permit a judgment to stand when the evidence is insufficient to support it. Such a judgment should be reversed. In a dissenting opinion in In re Appeal of Meyer, 176 Minn. 240, 223 N. W. 135, the writer made a probably erroneous statement that this court had granted new trials when they were not asked. Perhaps we have done no more than to reverse judgments which results in a new trial though a new trial is not sought.

The judgment is reversed.

HOLT, J. (dissenting).

In my opinion plaintiff made a prima facie case against both defendants, and the judgment should be affirmed. The testimony was that each defendant was traveling at a speed from 40 to 45 miles per hour when the collision occurred. Prior to the enactment of L. 1929, p. 153, c. 158, Mason, 1931 Supp. § 2720-4, that speed was

prima facie evidence of negligence. 1 Mason, 1927, § 2720-4(b). But even though no inference of negligence follows from a speed not in excess of 45 miles an hour, still in view of surrounding circumstances the jury could find that each defendant was negligent and violated these provisions of the statute:

"No person shall operate or halt any vehicle upon a highway carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property." 1 Mason, 1927, § 2720-3(a);

and this:

"Any person driving a vehicle on a highway shall drive the same at a speed not greater than is reasonable and proper, having due regard to the traffic, the surface and width of the highway, and of any other conditions then existing." 1 Mason, 1927, § 2720-4(a).

The conditions existing to be considered by the jury were: The location was suburban, just outside the city limits of St. Cloud; there were streets, residences were adjacent to the highway; a filling station was situated just about where the collision occurred—any passer might desire to turn in there for gas or air; it was nighttime —owing to a slight upgrade from either direction as the highway approached the filling station, the headlights of a car would throw its rays into the eyes of the driver of a meeting car. In that situation I think a jury, under the statutory provisions quoted, could well find a speed of 40 miles or more per hour in meeting a car was unreasonable and negligent. Again the jury could find both defendants negligent in being upon the wrong side of the road from what appeared after the collision. There was testimony that each vehicle had received the blow of the impact on its right side. The truck, which was traveling west, was found on the south of the center line of the highway with its rear wheels off the pavement and the front headed north. The sedan, which was traveling east, found itself turned around in the middle of the pavement facing west. There was nothing in the evidence to which the collision could be attributed except to the negligence of the drivers in the matter of

speed and control of their respective vehicles. It was a straight, paved highway, not hilly. There is no evidence of icy or slippery condition. As far as the evidence goes, the one driver was equally at fault with the other both as to high speed and lack of control; at least the jury could so find.

Another consideration leads to the conclusion that the verdict has support. Each defendant by his answer virtually admits that negligence caused the collision, but as an affirmative defense avers that it was caused solely by the negligence of the other defendant. The two defendants were in better position than any other witness living to tell the facts of the accident. Either could have testified. Neither did. Either could have produced the testimony of his codefendant. Neither did. Both deliberately made themselves difficult to reach. It is joking with facts to say otherwise. In that situation the jury in making its finding was justified in inferring that their testimony given truthfully would have been unfavorable to themselves. In Wilson v. N. W. Nat. L. Ins. Co. 103 Minn. 35, 40, 114 N. W. 251, 253, the plaintiffs saw fit not to be present at the trial or give their testimony, and this court held the trial court did not err when it instructed the jury "that if they found the absence of the plaintiffs and their failure to testify suspicious, it might consider this as militating against them." See also James v. Warter, 156 Minn. 247, 194 N. W. 754; 22 C. J. 121, § 57, and cases there cited; to which may be added Teissier v. Stewart, 11 La. App. 167, 123 So. 174; Howe v. Howe, 199 Mass. 598, 85 N. E. 945, 127 A. S. R. 516; Talich v. Marvel, 115 Neb. 255, 212 N. W. 540. Neither defendant having attempted to offer any proof of the negligence which he asserted the other was guilty of, nor to give the plaintiff an opportunity to call him, he now insists upon judgment notwithstanding the verdict. Neither moved to dismiss when plaintiff rested, nor did he ask the court below nor this court for a new trial. In that situation I think neither defendant is in position to ask this court to assume or suppose the collision due solely to the negligence of the other defendant, of which he alone possesses knowledge but offered no proof, rather than that it was due to the combined negligence of both, as the jury found. I think the evi-

dence and defendants' deliberate absence from the trial warranted the jury in returning the verdict it did.

Aside from the conclusion just stated, I concur with the majority that neither defendant is entitled to what was demanded in the court below and here, viz. judgment notwithstanding the verdict.

DIBELL and HILTON, JJ. (dissenting).

We join in the dissent of Mr. Justice Holt.

